IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LOYALTY CONVERSION SYSTEMS CORPORATION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§   Civil Action No. 2:13-cv-655<br>§<br>§<br>§<br>§   Jury Trial Demanded<br>§ |

## ORIGINAL COMPLAINT

Loyalty Conversion Systems Corporation ("Plaintiff" or "Loyalty Conversion"), by and through its attorneys, for its Original Complaint against Defendant American Airlines, Inc., ("American" or "Defendant"), hereby alleges as follows:

### I.  NATURE OF THE ACTION

1.  This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products and methods incorporating Plaintiff Loyalty's patented inventions.

2.  Loyalty Conversion holds all substantial rights and interest in and to United States Patent No. 8,313,023 (the "'023 Patent"), issued on November 20, 2012, for "Exchange of Non-negotiable Credits of an Entity's Rewards Program for Entity Independent Funds."  A true and correct copy of the '023 Patent is attached hereto as Exhibit 1.

3.  Loyalty Conversion further holds all substantial rights and interest in and to United States Patent No. 8,511,550 (the "'550 Patent"), issued on August 20, 2013, for ""Exchange of Non-Negotiable Credits of an Entity's Rewards Program for Entity Independent Funds."  A true and correct copy of the '550 Patent is attached hereto as Exhibit 2.

4. Defendant makes, uses, sells and imports infringing products and provides infringing services in violation of the Patents. More specifically, Defendant operates a computerized system whereby users and administrators convert loyalty program points into other units for acquiring goods or services. Plaintiff Loyalty Conversion seeks injunctive relief to prevent Defendant from continuing infringement of Plaintiff's patent rights. Plaintiff Loyalty Conversion further seeks monetary damages and prejudgment interest for Defendant's past infringement of the '023 Patent and the '550 Patent.

## II.   THE PARTIES

5. Plaintiff Loyalty Conversion is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 900 Walt Whitman Drive, Melville NY 11747.

6. Upon information and belief, Defendant is a Delaware corporation with its principal place of business located at 4333 Amon Carter Blvd., Fort Worth, Texas 76155. American has appointed CT Corp System, 350 N. Paul Street, Suite 2900, Dallas, Texas 75201-4234 as its agent for service of process. American transacts business within the State of Texas and this District.

## III.   JURISDICTION AND VENUE

7. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

## IV.    THE '023 PATENT AND '050 PATENT

9.    The '023 and '050 Patents relate to computerized systems for administering loyalty points programs. In accordance with these patents, a system and method is disclosed wherein a commerce partner agreeing to accept transfers or conversions of quantities of non-negotiable credits to entity independent funds in accordance with a credit-to-funds ratio effects such transactions. Computers grant a consumer a quantity of the entity independent funds based on a conversion of the credits into funds. The commerce partner is compensated for providing the entity independent funds to the consumer.

10.    Loyalty Conversion holds all substantial rights in and to the '023 and '050 Patents, including all rights to recover for all past and future infringements thereof.

## VI.    AMERICAN'S ACTS

11.    American provides, makes, uses, sells, offers for sale, and/or distributes infringing systems. The infringing systems include, for example, computerized systems whereby users manage and redeem loyalty rewards for American's loyalty rewards program, AAdvantage. American has entered into agreements with partners such as Marriott, and provides for the conversion of Marriott Rewards points to AAdvantage miles. American provides related support services and instructions for the infringing operation of such systems to its customers.

12.    Through its actions, American has directly infringed the '023 and '050 Patents. In addition, with knowledge of the '023 and '050 Patents at least as early as the filing of Plaintiff's complaint, American has actively induced others including its customers to infringe and contributed to the infringement by others of the '023 and '050 Patents throughout the United States, knowing that Loyalty Conversion alleges such activities to be infringing. American agrees and specifies with its loyalty program partners that conversions shall occur in the manner

claimed in the '023 and '050 Patents. American has designed, installed, operated and implemented its computer systems to operate in an infringing manner. The infringing systems have no substantial non-infringing uses.

13. Loyalty Conversion has been and will continue to suffer damages as a result of Defendant American Airlines Inc.'s infringing acts unless and until enjoined.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 8,313,023

14. Plaintiff Loyalty Conversion realleges and incorporates herein paragraphs 1–13.

15. Defendant has directly infringed the '023 Patent in violation of 35 U.S.C. §271(a).

16. Defendant has indirectly infringed the '023 Patent by inducing the infringement of the '023 Patent and contributing to the infringement of the '023 Patent in violation of 35 U.S.C. §§271(b) and (c), including by their respective customers.

17. Upon information and belief, Defendant has jointly infringed the '023 Patent, including by controlling, instructing and/or directing others to perform one or more of the claimed method steps. More specifically, Defendant has agreed, controlled, instructed and/or directed its loyalty program partners to cooperate in the loyalty point conversion acts described above.

18. Defendant's aforementioned acts have caused damage to Loyalty Conversion and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO. 8,511,550

19. Plaintiff Loyalty Conversion realleges and incorporates herein paragraphs 1–13.

20. Defendant has directly infringed the '050 Patent in violation of 35 U.S.C. §271(a).

21. Defendant has indirectly infringed the '050 Patent by inducing the infringement of the '023 Patent and contributing to the infringement of the '050 Patent in violation of 35 U.S.C. §§271(b) and (c), including by their respective customers.

22. Upon information and belief, Defendant has jointly infringed the '050 Patent, including by controlling, instructing and/or directing others to perform one or more of the claimed method steps. More specifically, Defendant has agreed, controlled, instructed and/or directed its loyalty program partners to cooperate in the loyalty point conversion acts described above.

23. Defendant's aforementioned acts have caused damage to Loyalty Conversion and will continue to do so unless and until enjoined.

## VII.   JURY DEMAND

24. Plaintiff Loyalty Conversion hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Loyalty Conversion respectfully requests that the Court:

- A. Enter judgment that Defendant infringes one or more claims of the '023 Patent and '050 Patent literally and/or under the doctrine of equivalents;

- B. Permanently enjoin Defendant, its agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the '023 Patent and '050 Patent;

- C. Award Plaintiff Loyalty Conversion past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '023 Patent and '050 Patent in accordance with 35 U.S.C. §284; and

- D. Award Plaintiff Loyalty Conversion its costs, disbursements, and such further and additional relief as is deemed appropriate by this Court.

                                                Respectfully submitted,

Dated:  August 20, 2013         By: /s/ *Andrew G. DiNovo*
                                                Andrew G. DiNovo
                                                Texas State Bar No. 00790594
                                                Jay D. Ellwanger
                                                Texas State Bar No. 24036522
                                                Adam G. Price
                                                Texas State Bar No. 24027750
                                                **DiNovo Price Ellwanger & Hardy LLP**
                                                7000 N. MoPac Expressway, Suite 350
                                                Austin, Texas  78731
                                                Telephone:  (512) 539-2626
                                                Telecopier:  (512) 539-2627