IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION, | § § § |
| Plaintiff, | § CIVIL ACTION NO. 2:13-CV-655 § |
| vs. | § JURY TRIAL DEMANDED § |
| AMERICAN AIRLINES, INC., | § § |
| Defendant. | § |

**AMERICAN AIRLINES, INC. ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

American Airlines, Inc. ("American") files this Answer to Complaint for Patent Infringement (the "Complaint") filed by Loyalty Conversion Systems Corporation ("Plaintiff").

**I. NATURE OF THE ACTION**

1. American denies the allegations contained in Paragraph 1 of the Complaint.

2. American admits that United States Patent No. 8,313,023 (the "'023 Patent") was issued on November 20, 2012. American admits that the '023 Patent is entitled "Exchange of Non-negotiable Credits of an Entity's Rewards Program for Entity Independent Funds." American admits that the Complaint purports to attach a copy of the '023 Patent. American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and, therefore, American denies those allegations.

3. American admits that United States Patent No. 8,511,550 (the "'550 Patent") was issued on August 20, 2013. American denies that the '550 Patent is entitled "Exchange of Non-negotiable Credits of an Entity's Rewards Program for Entity Independent Funds." American

1

admits that the Complaint purports to attach a copy of the '550 Patent. American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, American denies those allegations.

4. American denies the allegations contained in Paragraph 4 of the Complaint.

## II. PARTIES

5. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, American denies those allegations.

6. American admits that it is a Delaware corporation with its principal place of business located at 4333 Amon Carter Blvd., Fort Worth, Texas 76155. American also admits that it has appointed CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201-4234 as its agent for service of process. American also admits that it transacts business within the State of Texas and this District.

## III. JURISDICTION AND VENUE

7. American admits that this Court has subject matter jurisdiction over this dispute. American denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. American admits that this Court has personal jurisdiction over American and that venue is proper. American denies the remaining allegations contained in Paragraph 8 of the Complaint.

## IV. THE '023 PATENT AND '050 [sic] PATENT

9. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, American denies those allegations.

10. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, American denies those allegations.

## V. AMERICAN'S ACTS

11. American denies the allegations contained in Paragraph 11 of the Complaint.

12. American denies the allegations contained in Paragraph 12 of the Complaint.

13. American denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT ONE

## PATENT INFRINGEMENT--U.S. PATENT NO. 8,313,023

14. American incorporates herein by reference its Answers to Paragraphs 1-13 of Plaintiff's Complaint.

15. American denies the allegations contained in Paragraph 15 of the Complaint.

16. American denies the allegations contained in Paragraph 16 of the Complaint.

17. American denies the allegations contained in Paragraph 17 of the Complaint.

18. American denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT TWO

## PATENT INFRINGEMENT--U.S. PATENT NO. 8,511,550

19. American incorporates herein by reference its Answers to Paragraphs 1-13 of Plaintiff's Complaint.

20. American denies the allegations contained in Paragraph 20 of the Complaint.

21. American denies the allegations contained in Paragraph 21 of the Complaint.

22. American denies the allegations contained in Paragraph 22 of the Complaint.

23. American denies the allegations contained in Paragraph 23 of the Complaint.

## VII. JURY DEMAND

American demands a trial by jury on all issues so triable.

## VIII. REQUEST FOR RELIEF

American incorporates herein by reference its Answers to Paragraphs 1 through 23 of Plaintiff's Complaint and denies that Plaintiff is entitled to any form of relief, including that sought in Plaintiff's request for relief.

## FIRST AFFIRMATIVE DEFENSE

24. American has not and does not infringe, either literally or under the doctrine of equivalents, any claim of the '023 Patent or the '550 Patent (collectively referred to herein as "the patents-in-suit").

## SECOND AFFIRMATIVE DEFENSE

25. American has not and does not contribute to or induce infringement by others of any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

26. The claims of the patents-in-suit are invalid and unenforceable for failing to satisfy one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, 112, and 132.

## FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff is estopped from construing any valid claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any method or system manufactured, used, imported, sold, or offered for sale by American because of admissions and statements made to the United States Patent and Trademark Office ("USPTO")

or because of amendments made to the claims of the patents-in-suit or related patents during the prosecution of the applications leading to the issuance of the patents-in-suit or related patents.

## FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the patents-in-suit by application of the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

29. Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

31. The patents-in-suit are unenforceable because Plaintiff has unclean hands and/or has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid, unenforceable, and/or not infringed by methods or systems manufactured, used, imported, sold, or offered for sale by American.

## NINTH AFFIRMATIVE DEFENSE

32. Plaintiff is estopped from asserting a construction of any claim of the patents-in-suit in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

## TENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred in whole or in part, under the doctrines of license and/or exhaustion to the extent that any of Plaintiff's allegations of infringement are premised on

the alleged use, sale, or offer for sale of methods, systems, apparatuses, and/or products that were manufactured by or for, provided to American by, or provided by American to a licensee of Plaintiff or its predecessors-in-interest or another person or entity under a covenant not to sue.

## COUNTERCLAIMS

For its Counterclaims against Loyalty Conversion Systems Corporation ("Counterclaim-Defendant"), Counterclaim-Plaintiff American alleges as follows:

## JURISDICTION

1.  This is an action for Declaratory Relief for which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367(a), and 2201.

2.  This Court has personal jurisdiction over Counterclaim-Defendant. Counterclaim-Defendant has consented to the personal jurisdiction of this Court by bringing this action.

3.  Venue for American's Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Counterclaim-Defendant has also consented to venue in this Court by bringing this action.

## PARTIES

4.  American Airlines, Inc. ("American") is a Delaware corporation with its principal place of business in Fort Worth, Texas.

5.  Upon information and belief, according to its Complaint, Loyalty Conversion Systems is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 900 Walt Whitman Drive, Melville NY 11747.

6.  By its Complaint, Counterclaim-Defendant purports to be the inventor and owner of United States Patent Nos. 8,313,023 ("the '023 patent") and 8,511,550 ("the '550 patent")

(collectively, "the patents-in-suit"), and to assert claims against American for infringement of the patents-in-suit.

## BACKGROUND

7. Counterclaim-Defendant sued American for alleged infringement of the patents-in-suit in this Court on August 20, 2013.

8. American has denied Counterclaim-Defendant's claims of infringement and contends that the patents-in-suit are invalid and unenforceable under Title 35 of the United States Code.

9. An actual controversy has arisen and now exists between American and Counterclaim-Defendant as to the non-infringement, invalidity, and unenforceability of the patents-in-suit.

## COUNT I - DECLARATION OF NON-INFRINGEMENT

10. American restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-9.

11. Counterclaim-Defendant in this action has asserted that American is infringing the patents-in-suit through:

   i. provision, making, use, sale, offering for sale, and/or distribution of infringing systems, including computerized systems whereby users manage and redeem loyalty rewards for American's loyalty rewards program, AAdvantage.

   ii. entering into agreements with partners such as Marriott, and providing for the conversion of Marriott Rewards points to AAdvantage miles.

   iii. provision of related support services and instructions for the operation of such systems to its customers.

Counterclaim-Defendant has further asserted that American is contributing to and inducing the infringement of the patents-in-suit.

12. No product made, used, offered for sale, sold, or imported by American infringes any claim of the patents-in-suit.

13. American seeks a declaration that it has not directly infringed and does not directly infringe, has not induced and does not induce infringement of, and has not contributed to and does not contribute to infringement of, the patents-in-suit, either literally or under the doctrine of equivalents.

## COUNT II - DECLARATION OF PATENT INVALIDITY

14. American restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-13.

15. The claims of the patents-in-suit are invalid for failure to satisfy the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

16. American seeks a declaration that the patents-in-suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and counterclaimed, American prays for judgment as follows:

A. That this Court fully and finally dismiss Plaintiff's claims against American and order that Plaintiff take nothing from American;

B.      That this Court find and declare that American has not infringed, induced infringement of, or contributed to the infringement of, in any manner, any claim of the patents-in-suit;

C.      That this Court find and declare that the patents-in-suit are invalid and/or unenforceable pursuant to Title 35 of the United States Code;

D.      That this Court award American all of its costs of this action;

E.      That this Court find that this is an exceptional case and award American its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

F.      That this Court grant American such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiff American demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: October 17, 2013. | **MCKOOL SMITH, P.C.**<br><br>/s/  Mike McKool<br>Mike McKool<br>Lead Attorney<br>Texas State Bar No. 13732100<br>mmckool@mckoolsmith.com<br>Phillip Aurentz<br>Texas State Bar No. 24059404<br>paurentz@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>John B. Campbell<br>Texas State Bar No. 24036314<br>jcampbell@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 West Sixth Street, Suite 1700<br>Austin, Texas 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>**ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES, INC.** |

**CERTIFICATE OF SERVICE**

      I certify that counsel of record who are deemed to have consented to electronic service are being served on October 17, 2013, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel with be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

                                             /s/  John B. Campbell
                                             John B. Campbell