**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

LOYALTY CONVERSION SYSTEMS
CORPORATION

     v.

AMERICAN AIRLINES, INC., ET AL.

Case No. 2:13-CV-655-JRG

**NOTICE OF SUBMISSION OF COMPETING
DISCOVERY ORDERS**

Plaintiff Loyalty Conversion Systems Corporation ("Plaintiff" or "Loyalty Conversion") and Defendants American Airlines, Inc., Delta Air Lines Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co., Spirit Airlines, Inc., United Airlines, Inc., and US Airways, Inc. (collectively, "Defendants") hereby submit competing Discovery Orders, attached hereto as **Exhibit A** and **Exhibit B**, respectively.

Counsel for Plaintiff and Defendants have met and conferred regarding the disputes referenced in this Notice.  Over the weekend, the Parties will continue to attempt to reach resolution of the disputes.  If the Parties reach an agreement on the Discovery Order, they will file an Agreed Discovery Order no later than Wednesday, January 22, 2014.  If the Parties do not file an Agreed Discovery Order by January 22, 2014, the Court can presume that the Parties did not reach an agreement.

The disputes with respect to the Discovery Order are as follows:

**DISPUTE:** Number of hours of non-party depositions.

**PLAINTIFF'S PROPOSAL:**

Plaintiff proposes the Court's standard limit of 60 hours for nonparty depositions.  This case is no different, nor more complicated, than many other patent cases before this Court and

therefore believes the Court's standard order provides a sufficient amount of nonparty deposition hours.  Defendants cannot operate under the assumption that nonparty depositions will take seven hours; in most cases such depositions will be much shorter.  Furthermore, pursuant to the Court's standard Discovery Order and Plaintiff's Proposal, Defendants can seek leave to modify the time limits, if good cause exists.

**DEFENDANTS' POSITION:**

Defendants propose 84 hours of nonparty depositions with leave to request additional hours upon a showing of good cause.  This case is different than other patent cases litigated in this Court.  First, and most notably, Plaintiff's infringement contentions alone identify, on average, 6 third parties involved in the infringing activity per Defendant.  Second, Plaintiff has confirmed that both the named inventors of the asserted patents are third parties in this case. Third, Defendants have identified a number of third parties with relevant prior art that will be subpoenaed and likely deposed in this case.  Given the number of third parties already identified in the infringement contentions, asserted patents, and among the potential prior art, Defendants initially requested no hour limits on the number of nonparty depositions at this stage of the case.

After making this proposal and providing this explanation to Plaintiff, Plaintiff refused to consider any hour limit that was in excess of 60 hours.  Defendants then proposed that nonparty depositions be limited to 84 hours, with leave to request additional hours upon a showing of good cause.  Plaintiff rejected that proposal and insisted on the 60 hour limit.  Defendants made a final offer of 75 hours, with leave to request additional hours upon a showing of good cause and Plaintiffs again rejected that proposal insisting on the 60 hour limit.

Defendants maintain that given the number of third parties identified by Plaintiff in the infringement contentions, the fact that the inventors are third parties, and the number of third

party prior art witnesses already identified by Defendants, a limit of 84 hours of non party depositions with leave to request additional hours upon a showing of good cause is more than reasonable.

**DISPUTE:** Number of experts and number of hours of expert depositions.

**PLAINTIFF'S POSITION:**

      In an effort to compromise, Plaintiff proposes three common expert witnesses per side and two individual expert witnesses per party[1]—a proposal which provides two individual experts per party in excess of the Court's standard three expert witnesses per side.  Further, Plaintiff proposes the following language in addition to the Court's standard language: "If an expert issues a damages or infringement report directed to more than one party, that expert may be deposed for an additional two hours for each such party remaining at the time of the deposition, not to exceed 14 hours."  Plaintiff believes the above limitations, which are in excess of the Court's standard order, are sufficient.  Again, this patent case is no more complicated, and in many ways less complicated, than most other patent cases before this Court.  Plaintiff does not believe additional hours for expert depositions are necessary.

**DEFENDANT'S POSITION:**

      At this time Defendants do not agree with limiting the number of expert witnesses per party. There are eight separate defendants in this case, all of which are competitors and will be unlikely to share confidential, proprietary information regarding non-infringement and damages with the same expert. While Defendants do intend to use common experts where possible, they cannot currently commit to limit the number of experts, given the number of issues that appear to

---

[1] At the time of expert disclosure, should there be only one defendant in the case, that defendant retains the ability to use the allotted number of both "individual" and "common" experts provided for in the Order.

be in the case at this early stage. Further, where defendant trials would take place during consecutive weeks it is unlikely that an expert's schedule would permit them to testify several weeks in a row.

As a compromise, at this time Defendants are willing to limit the number of hours for each expert witness' deposition testimony. Defendants propose adding the following language to the Discovery Order: "Experts may be deposed for eight hours per report issued.  In the instance that an expert issues a single report directed to more than one party or on behalf of more than one party, that expert may be deposed for an additional two hours for each such party remaining at the time of the deposition, not to exceed 21 hours." In the event that there is an infringement report issued directed to eight defendants, while all eight defendants remain in the case that would result in less than 3 hours per defendant to depose the expert regarding the infringement contentions. If there are fewer defendants in the case at the time of the deposition, the time will then be adjusted accordingly.

Dated: January 17, 2014

Respectfully submitted,

/s/_____
Andrew G.  DiNovo
Texas State Bar No. 00790594
Jay D. Ellwanger
Texas State Bar No. 24036522
Adam G. Price
Texas State Bar No. 24027750
Stefanie T. Scott
Texas State Bar No. 24061617
**DiNovo Price Ellwanger & Hardy LLP**
7000 N.  MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

/s/Stephen E. Baskin_____
Stephen E. Baskin
Virginia Bar No. 47567
sbaskin@mayerbrown.com
Ann Marie Duffy
aduffy@mayerbrown.com
Dara M. Kurlancheek
dkurlancheek@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Jennifer Parker Ainsworth
Texas Bar No. 00784720

**Attorneys for Plaintiff Loyalty Conversion Systems**

jainsworth@wilsonlawfirm.com
909 ESE Loop 323, Suite 400
P. O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5092

**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF DELTA
AIR LINES, INC.**


*/s/Stephen E. Baskin* _____
Stephen E. Baskin
Virginia Bar No. 47567
sbaskin@mayerbrown.com
Ann Marie Duffy
aduffy@mayerbrown.com
Dara M. Kurlancheek
dkurlancheek@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
909 ESE Loop 323, Suite 400
P. O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5092

**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF
FRONTIER AIRLINES, INC.**


*/s/Stephen E. Baskin* _____
Stephen E. Baskin
Virginia Bar No. 47567
sbaskin@mayerbrown.com
Ann Marie Duffy
aduffy@mayerbrown.com

Dara M. Kurlancheek
dkurlancheek@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
909 ESE Loop 323, Suite 400
P. O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5092

**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF UNITED
AIRLINES, INC.**

_/s/Stephen E. Baskin_
Stephen E. Baskin
Virginia Bar No. 47567
sbaskin@mayerbrown.com
Ann Marie Duffy
aduffy@mayerbrown.com
Dara M. Kurlancheek
dkurlancheek@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
909 ESE Loop 323, Suite 400
P. O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5092

**ATTORNEYS FOR DEFENDANT/**

**COUNTER-PLAINTIFF US AIRWAYS, INC.**


*/s/ Thomas C. Wright*
Ross Cunningham
Texas Bar No. 24007062
Thomas C. Wright
Texas Bar No. 24028146
Alex J. Whitman
Texas Bar No. 24081210
ROSE·WALKER, L.L.P.
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Phone:  214.752.8600
Facsimile 214.752.8700
rcunningham@rosewalker.com
twright@rosewalker.com
awhitman@rosewalker.com

Michael C. Smith
State Bar No. 18650410
Seibman, Burg, Phillips & Smith, LLP
113 E. Austin Street
P.O. Box 1556
Marshall, TX 75671
Phone: 903-938-8900
Fax: 903-767-4620
michaelsmith@seibman.com

**ATTORNEYS FOR DEFENDANT SPIRIT AIRLINES, INC.**


*/s/ Casey L. Griffith*
 Casey L. Griffith
 State Bar No. 24036687
 Austin S. Champion
 State Bar No. 24065030
 KLEMCHUK KUBASTA LLP
 8150 N. Central Expressway, 10th
Floor
 Dallas, Texas 75206
 214.367.6000 (telephone)
 214.367.6001 (facsimile)
 casey.griffith@kk-llp.com

austin.champion@kk-llp.com
docketing_kkllp@me.com

**COUNSEL FOR DEFENDANT
JETBLUE AIRWAYS
CORPORATION**

*/s/ Max Ciccarelli*
Max Ciccarelli
State Bar No. 00787242
Max.ciccarelli@tklaw.com
Daniel Murray
State Bar No. 24086422
Daniel.Murray@tklaw.com
Thompson & Knight LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
Tel: 214.969.1700

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

*/s/ John B. Campbell*

Mike McKool
Texas Bar No. 13732100
Lead Attorney
Phillip Aurentz
Texas State Bar No. 24059404
Ivan Wang
Texas State Bar No. 24042679
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
mmckool@mckoolsmith.com
paurentz@mckoolsmith.com
iwang@mckoolsmith.com

John B. Campbell

Texas Bar No. 24036314
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8714
jcampbell@mckoolsmith.com

**ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Ruel CV-5(a)(3) on January 17, 2014.


/s/_____
Stefanie T. Scott