IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION<br>    Plaintiff,<br><br>   v.<br><br>AMERICAN AIRLINES, INC., ET AL.<br>    Defendants. | Case No. 2:13-CV-655-JRG<br>(LEAD CASE) |

**PLAINTIFF'S THIRD UNOPPOSED MOTION FOR
EXTENSION OF TIME TO RESPOND TO
<u>DEFENDANT HAWAIIAN AIRLINES, INC.'S MOTION TO DISMISS</u>**

Plaintiff Loyalty Conversion Systems Corporation ("Loyalty Conversion") hereby respectfully moves for an extension of time to respond to Defendant Hawaiian Airlines, Inc.'s ("Hawaiian Airlines") Motion to Dismiss for Lack of Personal Jurisdiction filed on November 4, 2013 [Doc. No. 12] (the "Motion"). In support thereof, Plaintiff would show the Court the following:

Loyalty Conversion's response to the Motion is currently due on January 23, 2014. The present Motion requests an extension until and including April 10, 2014. Since Defendant's Motion was filed on November 4, 2013, the parties have made efficient use of their resources by focusing those resources on an anticipated settlement. Unfortunately, despite those efforts, the parties have been unable to reach a settlement agreement.

Good cause exists in granting this Motion in that Plaintiff requires limited discovery to properly and adequately respond to Defendant's Motion to Dismiss. Determinations of motions to dismiss for lack of personal jurisdiction implicate fact intensive analysis. *See, e.g., Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779, n. 5 (5th Cir. 1986) ("This [personal jurisdiction] analysis requires a fact-intensive fairness inquiry for determining whether minimum contacts

1

exist."); *see also First Inv. Corp. of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd. of People's Republic of China*, 858 F. Supp. 2d 658, 669 (E.D. La. 2012), *aff'd sub nom. First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742 (5th Cir. 2012), as revised (Jan. 17, 2013) ("The 'minimum contacts' inquiry is fact intensive.") (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

Many of the salient facts relating to Defendant's contacts are nonpublic. Defendant has itself submitted one declaration of its personnel seeking to establish facts in support of its motion to dismiss. That declarant has not been subjected to even the most basic scrutiny through cross-examination.

Defendant needs ample time to collect documents and respond to Plaintiff's limited discovery regarding jurisdiction. Counsel for Defendant is set for trial in another matter for the first two weeks in March 2014. Therefore, the parties have agreed that the proposed April 10, 2014 deadline is the earliest possible response deadline that would allow Defendant time to respond to Plaintiff's jurisdictional discovery and present a witness for a deposition, while also allowing Plaintiff sufficient time after the deposition to respond to Defendant's Motion to Dismiss.

Counsel for the parties have conferred with respect to this Motion, and counsel for Hawaiian Airlines has indicated it is unopposed to the relief sought in this Motion. Hawaiian Airlines has not agreed on the scope of the proposed discovery and reserves its rights to address any concerns it may have with respect to the proposed discovery.

The extension is not sought for purposes of delay but so that justice may be done.

Dated:  January 21, 2014               Respectfully submitted,

                                       By: /s/ Andrew G. DiNovo
                                           Andrew G.  DiNovo
                                           Texas State Bar No. 00790594
                                           Jay D. Ellwanger
                                           Texas State Bar No. 24036522
                                           Adam G. Price
                                           Texas State Bar No. 24027750
                                           DiNovo Price Ellwanger & Hardy LLP
                                           7000 N.  MoPac Expressway, Suite 350
                                           Austin, Texas  78731
                                           Telephone:  (512) 539-2626
                                           Facsimile:   (512) 539-2627

                                           ATTORNEYS FOR PLAINTIFF
                                           LOYALTY CONVERSION SYSTEMS
                                           CORPORATION

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h), and that Defendant is unopposed to the foregoing motion.

                                           /s/ Andrew G. DiNovo
                                           Andrew G. DiNovo

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel, who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true ad correct cope of the foregoing by email, on this the 21st day of January 2014.

                                           /s/ Andrew G. DiNovo
                                           Andrew G. DiNovo