# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Texas

| | |
|---|---|
| Loyalty Conversion Systems, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| American Airlines, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:13-cv-655-JRG (lead case)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Bank of America Corporation, through its registered agent:
          CT Corporation System, 150 Fayetteville Street, Box 1101, Raleigh, NC 27601

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: 150 North College Street, Charlotte, NC 28255<br>Electronic copies of all documents are to be provided to counsel at the email addresses below. | Date and Time:<br>04/01/2014 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/14/14

CLERK OF COURT

                                                                OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Spirit Airlines, Inc.
_____ , who issues or requests this subpoena, are:

Thomas C. Wright and Alex Whitman, 3500 Maple Avenue, Suite 900, Dallas, TX 75219, (214) 752-8600, awhitman@rosewalker.com, twright@rosewalker.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:13-cv-655-JRG (lead case)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                   *Server's signature*

                                        _____
                                                   *Printed name and title*

                                        _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1.      "Bank of America," "You," or "Your" means Bank of America Corporation, its past and present officers, directors, agents, Employees, consultants, attorneys, and others acting or purporting to act on its behalf, its predecessors and successors, and parent, affiliated, related, and subsidiary companies, the intention of the definition to be more inclusive than less.

2.      The term "Document" is used herein in its broadest sense, as used in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any writing, recording, or photograph (whether original or duplicate) as specified in Rule 1001 of the Federal Rules of Evidence, and every document or other record of any kind, including, without limitation, any written, printed, typed, recorded, filmed or graphic matter, however produced or reproduced, and any written or original, master, duplicate, draft or copy. "Document" shall further include all aural or visual records or representations, (including without limitation photographs, microfiche, microfilm, videotape, sound recordings, and motion pictures) and computer, electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, programs, databases, archival records, etc.). "Document" shall also include, without limitation, any record of all or any portions of any discussion, Communication, Agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and shall include, without limitation, all correspondence, papers, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries, emails, voicemails and notes, newspapers, magazines, or periodical articles, and other record of any kind.

3.      The phrase "relating to" means, concerning, reflecting, referring to, describing, evidencing, or constituting.

4.      The term "and" means "and/or." The term "or" means "and/or." The terms "all" and "each" shall be construed as "all and each." The plural of any word used herein includes the singular and the singular includes the plural; likewise, the disjunctive includes the conjunctive, and vice versa. Each gender of any word includes the other genders. The use of any tense of any verb shall be considered to include within its meaning all of the tenses of the verb so used.

5.      "Patent" refers to any patent, patent application, patent publication, utility model, or design, foreign or domestic.

6.      The "'550 Patent" refers to U.S. Patent No. 8,511,550.

7.      The "'023 Patent" refers to U.S. Patent No. 8,313,023.

8.      "Prior Art" means any item listed under 35 U.S.C. §§ 102 and 103, that discloses or included one or more elements of any claim of a subject patent together with any evidence thereof.

9.      "Airline Defendants" include American Airlines, Inc., Delta Air Lines Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co., Spirit Airlines, Inc., United Airlines, Inc., and US Airways, Inc. and all subsidiaries.

10.     "Bank of America Partners" include the Airline Defendants and any other companies with which, prior to May 2006, Bank of America allowed conversion from one loyalty point currency to another loyalty point currency.

11.     "Conversion System" means the system used by Bank of America, prior to May 2006, to convert the loyalty points of any Bank of America Partner to the loyalty points of any other Bank of America Partner.

12.     Selection of Documents from Persons files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

13.     File folders with tables or labels or directories of files identifying Documents must be produced intact with such Documents.

14.     Documents attached to each other shall not be separated.

15.     If any Documents or information requested are claimed to be privileged, immune, or otherwise protected from disclosure, provide all information falling within the scope of the Document Request that is not privileged, and for each Document or item of information contained in a Document that is redacted based on a claim of privilege or immunity, Identify such Document or redaction in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas.

## **CATEGORIES OF DOCUMENTS FOR PRODUCTION**

1.      Documents and things relating or referring to the design, operation, functionality of the Conversion System utilized by Bank of America on or before May 2006.

2.      Documents and things relating or referring to the marketing, business, procurement, strategic, sales, and/or operating plans regarding the Conversion System existing on or before May 2006.

3.      Documents and things relating to or referring to Patents, Published Patent Applications, or other types of similarly-related documents regarding the Conversion System that existed and/or are dated earlier than May 2006.

4.      Documents and things relating to agreements between Bank of America and Bank of America Partners on or before May 2006, that relate to the Conversion System.

5.      Documents that may be considered Prior Art to the '550 and '023 Patents.

6.      Documents that may reflect Prior Art searches to the '550 and '023 Patents.