**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

LOYALTY CONVERSION SYSTEMS
CORPORATION
    Plaintiff,

    v.

AMERICAN AIRLINES, INC., *et al.*,
    Defendants.

Case No. 2:13-CV-655
(LEAD CASE)

**PLAINTIFF LOYALTY CONVERSION SYSTEMS CORPORATION'S
RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................................. 2

III.  LEGAL STANDARD..................................................................................................... 2

IV.   ARGUMENT.................................................................................................................. 4

      A.   A Stay Will Not Simplify the Issues in Question or Streamline the Trial...............4

           1.   Defendants' Gamesmanship Has Nullified the Potential that a Stay May
                Simplify the Issues. ...................................................................................... 5
           2.   Defendants' Arguments Regarding Their Chances of Success Are
                Speculative....................................................................................................7

      B.   The Requested Stay Should Be Denied Based on what Has Already Occurred
           in this Case and because a Trial Date Has Been Set.................................................8

      C.   A Stay Would Unduly Prejudice Plaintiff and Present a Clear Tactical
           Advantage for the Moving Party..............................................................................10

           1.   Movants Would Get an Improper "Practice Round" in Front of the PTAB... 10
           2.   Movants' Motion Is Premature. ....................................................................10
           3.   The Trial Would Occur Before the CBM Review Concludes. ...................... 12

      D.   A Stay Will Not Reduce the Burden of Litigation on the Parties and on the
           Court. .......................................................................................................................12

V.    CONCLUSION............................................................................................................. 12

**CASES**

*Affinity Labs of Tex. v. Ford Motor Co.*, No. 1-12-CV-580, 2013 WL 7760958 (E.D. Tex. Sept. 19, 2013) .................................................................................................................. 6, 9, 10

*Ambato Media, LLC v. Clarion Co., Ltd*, No. 2:09-cv-242-JRG, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012)........................................................................................................................ 12

*Benefit Funding Sys. L.L.C. v. Advance Am., Cash Advance Ctrs., Inc.*, No. 12-801-LPS, 2013 WL 3296230 (D. Del. June 28, 2013).................................................................................. 11

*Blue Calypso, Inc. v. Groupon, Inc.*, No. 6:12-cv-00486-MHS, Dkt. 86 (E.D. Tex. Jul. 19, 2013) ................................................................................................................................. 4, 11

*Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C09-1635 SBA, 2009 WL 3078463 (N.D. Cal. Sept. 28, 2009) ...................................................................................................................... 5

*Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ............................................................................................................... 7

*E-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sep. 26, 2013) ................................................................................................................................................. 7

*Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, No. 10-cv-4387, 2012 WL 1813665 (N.D. Ill. May 8, 2012) ................................................................................................................... 10

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ........................................................................... 4, 10

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013)............... 3, 8

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, 2013 WL 6097571 (W.D. Tex. Jun. 10, 2013) ........................................................................................ 11

*Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .......................................................................................................................................... 7

*Pi-Net Int'l, Inc. v. Focus Business Bank*, No. 12-cv-04958-PSG, 2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) .......................................................................................................................... 7

*Protective Indus., Inc. v. Ratermann Mfg., Inc.,* No. 3:10-1033, 2010 WL 5391525 (M.D. Tenn. Dec. 22, 2010)..................................................................................................................... 6, 10

*Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284 (W.D. Penn. June 6, 2013) .......................................................................................................................................... 3

*Stormedia Tex., LLC v. Comp USA, Inc.*, No. 2:07-CV-025, 2008 WL 2885814 (E.D. Tex. July 23, 2008) .................................................................................................................................... 6

*Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755 (S.D. Tex. 2010)............................. 6

*Tex. MP3 Techs., Ltd. v. Samsung Elecs. Co.*, No. 2:07-CV-52, 2007 WL 3219372 (E.D. Tex. Oct. 30, 2007) ............................................................................................................. 6, 8, 10, 11

*Tric Tools, Inc. v. TT Techs., Inc.*, No. 12-CV-3490 YGR, 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012) ........................................................................................................................................ 11

*Ultra Prods., Inc. v. Antec, Inc.*, No. C 09-04255 RS, 2010 WL 1688538 (N.D. Cal. Apr. 26, 2010) ........................................................................................................................................ 11

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, 2:13-cv-00011-JRG, 2014 WL 807588 (E.D. Tex. Feb. 27, 2014) .................................................................................................................... 4

*VirtualAgility, Inc. v. Salesforce.com, Inc., et al.*, No. 2:13-cv-00011-JRG, 2014 WL 94371 (E.D. Tex. Jan. 9, 2014) ..................................................................................................... 3, 4

*Voltstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:12-cv-00082, 2013 WL 4511290 (E.D. Tex. Aug. 22, 2013) .................................................................................................. 12

*Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573 (W.D. Wa. Oct. 7, 2013) ....... 3

## STATUTES

35 U.S.C. § 324(a) ........................................................................................................................ 8

35 U.S.C. §§ 101, 102, 103, and 112 ............................................................................................ 2

35 U.S.C. § 324(c) ...................................................................................................................... 12

37 C.F.R. § 42.300(c) .................................................................................................................. 12

AIA § 18(a)(1)(A) ......................................................................................................................... 5

AIA § 18(a)(1)(D) .................................................................................................................. 5, 10

AIA § 18(b)(1) .............................................................................................................................. 3

AIA § 18(b)(1)(B) ......................................................................................................................... 9

AIA § 18(b)(1)(D) ......................................................................................................................... 3

## OTHER AUTHORITIES

157 Cong. Rec. S1350–02 (2011) ................................................................................................. 3

Plaintiff Loyalty Conversion Systems Corporation ("Loyalty Conversion" or "Plaintiff") files this response in opposition to the Motion to Stay Proceedings filed by Defendants Delta Air Lines, Inc. ("Delta"), Frontier Airlines, Inc. ("Frontier"), United Airlines, Inc. ("United"), US Airways, Inc. ("US Airways"), American Airlines, Inc. ("American"), Southwest Airlines, Co. ("Southwest") and Spirit Airlines, Inc. ("Spirit") (collectively "Movants") [Civil Action No. 2:13-cv-00662, Dkt. No. 63] (the "Motion"), and in support thereof states as follows:

## I.    INTRODUCTION

Movants urge this Court to stay this proceeding pending resolution of their Covered Business Method petitions (the "CBM Petitions") recently filed by Movants in the Patent Trial and Appeal Board ("PTAB").[1]  Movants argue that the CBM Petitions will "either eliminate or narrow issues for trial."  Motion, p. 6.  While Movants' stated goal is to lessen the burden on this Court, they have concurrently taken steps to undermine the very same efficiency gains they tout.  Significantly, defendants Southwest, Spirit, Hawaiian Airlines, Inc. ("Hawaiian"), and JetBlue Airways Corp ("JetBlue") (collectively, the "Holdback Defendants") did not join the CBM Petitions in an apparent attempt by the joint defense group to sidestep the statutory estoppel effect that a loss before the PTAB would have on the validity case before this Court.  By forming the group of Holdback Defendants, the joint defense group has embarked on a strategy to give itself what amounts to a free shot in front of the PTAB: if the CBM Petitions fail, the "threshold" covered business method patentability issue (as well as the prior art being considered by the PTAB) will have to be re-litigated because those defenses will be available in this case to the

---

[1] Movants have requested in the alternative that this Court "expeditiously" take up defendants' concurrently filed Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings (the "Rule 12(c) Motion").  Defendants have not requested a stay pending resolution of the Rule 12(c) Motion.  Plaintiff agrees that defendants' Rule 12(c) Motion is ripe for adjudication by the Court.

1

Holdback Defendants. The joint defense group should not be permitted to negate the statutory estoppel effect of the CBM review, and granting a stay in the face of such gamesmanship encourages this unfairly prejudicial tactic. Therefore, Movants' request for a stay should be denied.

## II.   STATEMENT OF FACTS

Loyalty Conversion filed this case against the defendants on August 20, 2013 alleging infringement of U.S. Patent No. 8,313,023 (the "'023 Patent") and U.S. Patent No. 8,511,550 (the "'550 Patent") (collectively, the "Patents"). The Court held a scheduling conference on January 3, 2014. Plaintiff served its infringement contentions on January 24, 2014; defendants served their invalidity contentions on February 14, 2014. On March 17, 2014, *a subset of defendants* served the CBM Petitions seeking a determination that the Patents be held invalid under 35 U.S.C. §§ 101, 102, 103, and 112 (the "CBM Defendants"). On April 7, 2014, concurrently with this Motion, a subset of defendants filed the Rule 12(c) Motion. Notably, two of the Holdback Defendants—Southwest and Spirit—have joined the Motion to Stay even though they did not join the CBM Petitions.

The PTAB has not granted the CBM Defendants' request for a covered business method patent review, and Movants acknowledge that it will take approximately six months for the PTAB to institute the review. Motion, p. 4.

Trial in this case is set for March 9, 2015. Doc. No. 24-1, Exh. A.

## III.  LEGAL STANDARD

The AIA calls for a four-factor test to determine whether a district court action should be stayed: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present

2

a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." Leahy-Smith America Invents Act, Pub. L. 112-29, 125 Stat. 284 (2011) (the "AIA"), § 18(b)(1).  This four-factor test "closely resembles the stay analysis courts have applied in assessing a motion to stay pending *inter partes* or *ex parte* reexamination by the [patent office]." 157 Cong. Rec. S1350–02 (2011); *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013). The only difference between the CBM test and the court's traditional test is the addition of the fourth factor, which requires courts to consider "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1)(D).

Staying cases pending CBM review remains within the court's discretion, and "such determination must rest on the facts of each particular case." *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at *1 (W.D. Penn. June 6, 2013).  Although legislative history does emphasize the importance Congress attached to stays pending CBM Review, "Congress did not provide an automatic stay provision for the transitional program. Rather, the statute instructs the Court to consider all four factors in deciding whether or not to grant a stay. Further, there has been little dispute among district courts that Congress did not intend to alter the way in which district courts assess the first three factors." *VirtualAgility, Inc. v. Salesforce.com, Inc., et al.*, No. 2:13-cv-00011-JRG, 2014 WL 94371 (E.D. Tex. Jan. 9, 2014) (citing *Market-Alerts*, 922 F. Supp. 2d at 490 n.6; *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *3 (W.D. Wa. Oct. 7, 2013)). Thus, staying cases pending CBM review remains within the court's discretion, and "such determinations must rest on the facts of each particular case." *See Sightsound*, 2013 WL 2457284 at *1.  The management of a court's docket,

including whether or not to grant stays, falls within that court's inherent power. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

**IV.	ARGUMENT**

Federal courts in the Eastern District of Texas have repeatedly emphasized that Congress instituted a four-factor stay test rather than an automatic stay provision. As this Court stated in *VirtualAgility, Inc. v. Salesforce.com, Inc.*, the statutory text "speaks volumes about Congressional intent that such a stay is not a given but 'must rest on the facts of each particular case.'" *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 2:13-cv-00011-JRG, 2014 WL 807588, at *1 (E.D. Tex. Feb. 27, 2014) (denying stay pending interlocutory appeal) (quoting *VirtualAgility, Inc.*, 2014 WL 94371, at *2) (denying stay pending CMB review proceedings instituted by the PTAB). This Court has repeatedly refused to grant a stay pending review by the PTAB under circumstances similar to the circumstances here, including two recent cases refusing to stay cases pending CBM review. *See VirtualAgility*, 2014 WL 94371, at *8; *Blue Calypso, Inc. v. Groupon, Inc.*, No. 6:12-cv-00486-MHS, Dkt. 86 (E.D. Tex. Jul. 19, 2013) (denying motion to stay pending CBM review as premature prior to grant of petitions), attached hereto as Ex. 1.

Here, under the precedential case law from this Court, the Motion for stay should be denied because the balance of interests does not warrant a stay. The CBM Petitions on which this Motion is based have not yet been granted and are not likely to be granted. Furthermore, the stay factors do not weigh in favor of a stay. Instead, a stay here would unduly prejudice Loyalty Conversion and put it at a tactical disadvantage while rewarding defendants' gamesmanship.

**A.	<u>A Stay Will Not Simplify the Issues in Question or Streamline the Trial</u>**.

Contrary to Movants' contention, a stay is not guaranteed to simplify the issues in question or streamline the trial; nor is a stay likely to simplify the issues. In fact, "[t]o truly simplify the issues[,] . . . the outcome of the reexamination must finally resolve all issues in the

4

litigation." *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C09-1635 SBA, 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) (internal quotations and emphasis omitted). But there is no guarantee or likelihood of a complete resolution here because the defendants created a pool of Holdback Defendants and thereby essentially removed any efficiency gained by staying this case.

          1.    *Defendants' Gamesmanship Has Nullified the Potential that a Stay May Simplify the Issues.*

Unlike inter partes or post grant review, the statutory estoppel that attaches to CBM proceedings is narrow. Estoppel attaches only to arguments actually raised during the CBM proceedings. *See* AIA § 18(a)(1)(D). Issues that could have been raised in the CBM, but were not, can be presented in a district court if the petition is unsuccessful. *See* AIA § 18(a)(1)(A) & (D). Furthermore, estoppel attaches only to the petitioner or the petitioner's real party in interest; it does not attach to any other party (including the privy of the petition). *See id*.

Here, only a little more than half of the consolidated defendants joined the Petitions: Delta, United, U.S. Airways, and American (the "CBM Petitioning Defendants"). Because the four Holdback Defendants (Southwest, Spirit, Hawaiian, and JetBlue) are not parties to the Petitions, any decisions from those proceedings (should any petition be granted) may not bind them. Furthermore, should the PTAB find the patents valid, statutory estoppel will not apply to the Holdback Defendants, who will be permitted to reassert and/or recast the same arguments to this Court that CBM Petitioning Defendants are currently making to the PTAB. For example, the Petitioners could make an initial attempt to convince the PTAB of invalidity and, if they fail, any one or more of the Holdback Defendants could then refine and/or reassert those same failed arguments before this Court. Consequently, any CBM proceeding would not simplify this lawsuit, but rather complicate it.

Indeed, this Court and others have indicated that this factor alone justifies denying a stay. For example, in *Affinity Labs of Tex. v. Ford Motor Co.*, No. 1-12-CV-580, 2013 WL 7760958, at *1 (E.D. Tex. Sept. 19, 2013), Ford filed a motion to stay pending *inter partes* reexamination. In denying Ford's motion to stay, this Court found the "important issue" to be that Ford was not a party to any of the pending reexaminations and the decisions from those proceedings would not be binding. *Id*. at *2 ("Affinity correctly raises the important issue that Ford is not a party to any of the pending reexamination and the decisions from those proceedings may not bind Ford. Ford certainly has not offered to be bound by these proceedings."). *See also Stormedia Tex., LLC v. Comp USA, Inc.*, No. 2:07-CV-025, 2008 WL 2885814, at *1 (E.D. Tex. July 23, 2008) ("several defendants who are not party to the reexamination proceeding . . . will . . . not be precluded from advancing at trial the same invalidity arguments . . . presented during re-examination. This serves to counteract any simplifying effects of the *inter partes* reexamination proceeding."); *Tex. MP3 Techs., Ltd. v. Samsung Elecs. Co.*, No. 2:07-CV-52, 2007 WL 3219372, at *2 (E.D. Tex. Oct. 30, 2007) (denying stay where two of three defendants were not a party to the reexamination; "[b]ecause all of the defendants would not be estopped from rearguing the invalidity positions taken by Apple in the reexamination, it is unlikely that the issues of this case would be simplified by a stay[;] [t]his factor weighs against a stay."); *Protective Indus., Inc. v. Ratermann Mfg., Inc.*, No. 3:10-1033, 2010 WL 5391525, at *3 (M.D. Tenn. Dec. 22, 2010) ("where some defendants in the litigation would not be subject to the estoppel effect of the re-examination, adequate ground exists to deny the motion to stay"); *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 763 (S.D. Tex. 2010) ("where . . . several defendants . . . are not party to the reexamination proceeding[,] . . . estoppel does not produce the same simplification of issues").

Under the circumstances here and the case law set forth above, Movants' gamesmanship has counteracted any simplifying effects of a potential CBM review proceeding and a stay would subject Loyalty Conversion to undue prejudice. Accordingly, the requested stay should be denied.

Alternatively, at a minimum, any stay should be conditioned on the Holdback Defendants' agreement to the estoppel effect of the CBM proceedings—even though those defendants are not the petitioners in the CMB proceedings. *See, e.g.*, *Pi-Net Int'l, Inc. v. Focus Business Bank*, No. 12-cv-04958-PSG, 2013 WL 4475940, at *5 (N.D. Cal. Aug. 16, 2013), modified, 2013 WL 5513333, at *2 (N.D. Cal. Oct. 3, 2013) (conditioning stay on defendants not involved in the IPR "agreeing to be bound by an estoppel similar to the provisions of Section 315(e) such that they may not assert in this suit that the claim is invalid on any ground that [the petitioner] raised or reasonably could have raised during the IPR"); *E-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 WL 5425298, at *4 (S.D. Tex. Sep. 26, 2013) (imposing similar condition because defendant was "seeking the benefit of the IPR petitions filed by [the petitioner] related to the patents in dispute in this case"); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013) (staying case where the defendant agreed to be estopped from "litigating any invalidity claims that [the petitioner] raised or could have raised in its IPR petitions regarding the [the asserted patent]"); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (same).

        2.    *Defendants' Arguments Regarding Their Chances of Success Are Speculative.*

Movants' arguments regarding the statistical likelihood of success before the PTAB, as well as their view of the strength of their positions, can be dismissed as nothing more than

7

attorney argument. As a general matter, any assessment of the likelihood of patent claims being cancelled during a future administrative proceeding is inherently speculative. *See Market-Alerts*, 922 F. Supp. 2d at 491 n.8; *Tex. MP3*, 2007 WL 3219372, at *2 n.2 (noting that "final disposition of any reexamination proceeding is unknown."). Importantly, the PTAB recently acknowledged that statistics such as those cited by Movants here are skewed and unlikely to continue going forward. *See* Ex. 2 attached hereto.

The Petitions for CBM Review here are unlikely to be granted or succeed. Congress imposed a high threshold requirement for CBM Review. *See* 35 U.S.C. § 324(a) (directing that petitioner must show it is "more likely than not" that at least one challenged claim is unpatentable). The CBM Petitioning Defendants cannot meet this high standard for, *inter alia*, all the reasons set forth in Loyalty Conversion's forthcoming opposition to the Rule 12(c) Motion. Further, the United States Patent and Trademark Office ("PTO") has issued 18 Covered Business Method patents from this family of patents, and continues to issue patents from this family, even after the enactment of the AIA, and Section 18 in particular. *See* U.S. Patent Nos. 7,703,673 (issued 4/27/2010); 8,123,127 (issued 2/28/2012); 8,162,209 (issued 4/24/2012); 8,181,863 (issued 5/22/2012); 8,181,864 (issued 5/22/2012); 8,186,583 (issued 5/29/2012); 8,201,734 (issued 6/19/2012); 8,245,925 (issued 8/21/2012); 8,267,315 (issued 9/18/2012); 8,297,502 (issued 10/30/2012); 8,313,023 (issued 11/20/2012); 8,342,399 (issued 1/1/2013); 8,376,224 (issued 2/19/2013); 8,511,550 (issued 8/20/2013); 8,523,063 (issued 9/3/2013); 8,523,064 (issued 9/3/2013); 8,540,152 (issued 9/24/2013); 8,668,146 (issued 3/11/2014), attached hereto as Ex. 3; *see also* USPTO Notice of Allowance of U.S. Patent Application 13/969,873, attached hereto as Ex. 4. Indeed, one such Covered Business Method patent was issued as recently as March 11, 2014. *See id.* In light of the heightened scrutiny to which

Covered Business Method patents are being subjected, the continued issuance of these patents is indicative of the unlikelihood of the CBM Petitions' success. Moreover, the success of the CBM Petitions is even more remote considering the art relied upon in the CBM Petitions is the same art as previously cited to the PTO. *See id.*

    **B.**    <u>The Requested Stay Should Be Denied Based on what Has Already Occurred in this Case and because a Trial Date Has Been Set</u>.

Under the second stay factor, the Court is asked to determine "whether discovery is complete and whether a trial date has been set." AIA § 18(b)(1)(B). Trial in this case is set for March 9, 2015, less than a year from now. Doc. No. 24-1, Exh. A. As a result, if this action is not stayed, the time to decision for CBM Review is on par with the time to trial, and <u>*the trial before this Court would end prior to the resolution of the PTO proceeding*</u>. Movants would thus suffer virtually no prejudice if a stay is not granted.

Movants argue that a stay is proper because the cases are in an early stage. But based on the stage of development of this case, case law from this Court directs otherwise. Here, a stay is inappropriate because the Court has entered a scheduling order, and the parties have exchanged initial disclosures, infringement contentions, and invalidity contentions, and have issued discovery. *See Affinity*, 2013 WL 7760958, at *2 ("The attorneys have participated in a Rule 26(f) scheduling conference and the court has entered a scheduling order. Disclosure has begun as well as exchange of infringement and invalidity contentions, all of which favor denial of the stay.").

Because there is a trial setting, and the case is sufficiently advanced based on the law of this District, the second factor favors denial of the stay.

### C. A Stay Would Unduly Prejudice Plaintiff and Present a Clear Tactical Advantage for the Moving Party.

Federal courts review the third stay factor—considerations of undue prejudice and improper gamesmanship—by carefully considering whether there is "even a fair possibility that the stay . . . will work damage to someone else." *Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, No. 10-cv-4387, 2012 WL 1813665, at *1 (N.D. Ill. May 8, 2012) (quoting *Landis*, 299 U.S. at 254 ). If there is even a fair possibility of prejudice to the non-moving party, the movant must then make out a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. A trial court abuses its discretion when it grants a "stay of indefinite duration in the absence of a pressing need." *Id.*

#### 1. *Movants Would Get an Improper "Practice Round" in Front of the PTAB.*

Movants' maneuvering will deprive Loyalty Conversion of any significant benefit from the estoppel effect of AIA § 18(a)(1)(D). Because the AIA's statutory estoppel will not attach to the Holdback Defendants, granting of a stay by this Court will allow the Defendants first to litigate invalidity in front of the PTAB and, if they lose there, re-litigate the exact same issues before this Court. A "practice round"—like the one sought by Defendants— is highly prejudicial to Loyalty Conversion, and granting a stay would give Defendants a clear tactical advantage. *See Tex. MP3*, 2007 WL 3219372, at *2; *Protective Indus.*, 2010 WL 5391525, at *3-4; *Affinity*, 2013 WL 7760958, at *3-4.

#### 2. *Movants' Motion Is Premature.*

Movants' motion for stay is premature because the PTAB has yet to determine if review is appropriate. The CBM review petitions have not and may never be granted. The Petitions for CBM review were filed in March 2014. It will take approximately six months for the PTAB to even determine if review is appropriate. Accordingly, initial decisions to institute the requested

10

CBM review are not expected before September 2014. If the PTAB declines to institute a CBM review, a stay at this point wastes time and serves only to delay the Court's decision on Movants' concurrently-filed Rule 12(c) Motion regarding the patentable subject matter. A stay at this time would be prejudicial because there is no assurance that a review will even occur.

This Court has previously held that a stay pending review of the patents–in-suit is not appropriate when the PTO has yet to grant the petitions. *See* Ex. 1: *Blue Calypso, Inc.*, Dkt. 86 (denying motion to stay pending Combined Business Method Patent Review as premature prior to grant of petitions). Courts from other jurisdictions have reached the same conclusion. *See, e.g.*, *Benefit Funding Sys. L.L.C. v. Advance Am., Cash Advance Ctrs., Inc.*, No. 12-801-LPS, 2013 WL 3296230, at *1 (D. Del. June 28, 2013) (denying motion to stay where the PTO had "not yet determined whether to undertake CBM Review"); *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, 2013 WL 6097571, at *2 (W.D. Tex. Jun. 10, 2013) ("Furthermore, there is a real risk at this point the PTAB will decline to grant *inter partes* review, which would make a stay at this point a complete waste of time. Finally, the Court finds there is a danger of prejudice to NOV, because of the possibility no review will even occur."); *Tex. MP3*, 2007 WL 3219372, at *2 n.2 (noting that it is "speculative" to determine the final disposition of any reexamination proceeding because the result is unknown); *Tric Tools, Inc. v. TT Techs., Inc.*, No. 12-CV-3490 YGR, 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012) (denying stay because "only requests for reexamination have been made . . . [such that] [s]eeking a stay at this juncture is, at best, premature, and, at worst, an indicator of a tactical delay strategy"); *Ultra Prods., Inc. v. Antec, Inc.*, No. C 09-04255 RS, 2010 WL 1688538, at *3-4 (N.D. Cal. Apr. 26, 2010) (stay is "arguably premature" when "the PTO has not yet granted [a] request for reexamination").

        3.    *The Trial Would Occur Before the CBM Review Concludes.*

It will take approximately six months for the PTAB to institute the requested CBM review proceedings (if they are instituted at all), and any instituted CBM proceedings must conclude 12 to 18 months after institution. *See* 35 U.S.C. § 324(c); *see also* 37 C.F.R. § 42.300(c); Motion, p. 4. Accordingly, as set forth above, if the Court denies the stay, trial in this matter will occur more than six months before the conclusion of any CBM review proceedings before the PTAB. Loyalty Conversion has a recognized interest in the timely enforcement of its patent rights. *See Ambato Media, LLC v. Clarion Co., Ltd*, No. 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). If the Court stays this litigation, it could be years before Loyalty Conversion can conclude enforcement of its patent rights against these defendants. Accordingly, this factor weighs heavily against staying this proceeding.

        D.    <u>A Stay Will Not Reduce the Burden of Litigation on the Parties and on the Court</u>.

Defendants' gamesmanship is also fatal to the final stay factor. Defendants cannot credibly argue that there will be a reduction in litigation where they have employed a strategy to circumvent estoppel. If the parties are forced to re-litigate the same issues before two different tribunals, the burdens on the parties will multiply, not reduce.

**V.    CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Movants' Motion to Stay Proceedings be denied.

Dated: April 24, 2014                             Respectfully submitted,

/s/  Andrew G.  DiNovo
Andrew G.  DiNovo
Texas State Bar No. 00790594
Jay D. Ellwanger
Texas State Bar No. 24036522
Adam G. Price
Texas State Bar No. 24027750
Stefanie T. Scott
Texas State Bar No. 24061617
**DiNovo Price Ellwanger & Hardy LLP**
7000 N.  MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of April, 2014, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo