## United States District Court
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE CALYPSO, INC.** <br> v. | |
| **GROUPON, INC.** | **Cause No. 6:12-cv-486** |
| **IZEA, INC.** | **Cause No. 6:12-cv-786** |
| **YELP, INC.** | **Cause No. 6:12-cv-788** |
| **FOURSQUARE LABS, INC.** | **Cause No. 6:12-cv-837** |
| **MYLIKES INC.** | **Cause No. 6:12-cv-838** |

### ORDER ON PENDING MOTIONS

The Court enters the following order on the parties' pending motions:

### I. Plaintiff's Motion for Leave to File First Amended Complaint Motion for Leave to File Second Amended Complaint[1]

These motions are **GRANTED**.

Plaintiff seeks leave to amend its complaint to add three newly issued patents to this case.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." It is within the Court's discretion to determine whether to grant leave to amend the pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court can consider a number of factors, including "the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 392 (5th Cir. 2008).

---

[1] This order applies to the following motions: Plaintiff's Motion for Leave to File First Amended Complaint and Plaintiff's Motion for Leave to File Second Amended Complaint in Cause Nos. 6:12-cv-486 (Doc. Nos. 51, 63); 6:12-cv-786 (Doc. Nos. 38, 49); 6:12-cv-788 (Doc. Nos. 37, 50); 6:12-cv-837 (Doc. Nos. 42, 53); and 6:12-cv-838 (Doc. Nos. 40, 54).

Furthermore, "outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). Nevertheless, a court should deny requests to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1487 (2d ed. 1990).

When a party moves to amend after the deadline set by the scheduling order or seeks to add a new patent, the more stringent "good cause" standard of Federal Rule of Civil Procedure 16(b) applies. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. In determining good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Plaintiff filed leave to amend its complaint on May 17, 2013 and on June 13, 2013. The deadline to amend pleadings was May 31, 2013. The new patents issued on May 7, May 28, and June 4, 2013. Therefore, Plaintiff diligently filed leave to amend within a reasonable time of the issuance of the new patents. Accordingly, the Court finds that Plaintiff timely moved to amend.

Because the technology in the new patents generally covers the already asserted patents, Plaintiff believe the amendment is critical to addressing the related issues in a single action. The Court agrees. The Court finds the amendment important and necessary for the proper resolution

of this case.

Because this case is in its infancy, Defendants will not be subject to prejudice in allowing the amendment. Allowing the amendment would not place an entirely different set of factual questions at issue or cause unwarranted expense or delay. Importantly, Defendants have received notice of Plaintiff's allegation well before the discovery deadline. Therefore, Defendants have an opportunity to inquire about Plaintiff's position in a timely manner. The Court finds that allowing Plaintiff to amend its complaint to add the additional patents will not result in Defendants suffering any prejudice.

Lastly, granting leave to amend in this case would not inevitably delay trial or any other deadline. Currently, the claim construction hearing is set for November 7, 2013, and trial is set for July 9, 2014. The Court finds that the current settings provide adequate time to address any issues that might arise. But given the availability of a continuance to cure any prejudice, the Court will concurrently enter a Second Amended Scheduling Order postponing several key deadlines.

In exercising its broad discretion, and having fully considered all of the factors, the Court finds that Plaintiff has demonstrated good cause for leave to amend.

## II. Plaintiff's Emergency Motion to Enjoin Defendants from Filing Declaratory Judgment Actions[2]

This motion is **DENIED**. The Court will not enjoin Defendants from filing prospective cases in other district courts. To the extent Plaintiff believes those cases are more appropriately transferred to this Court, it can request such relief from those forums.

---

[2] This order applies to the following motions: Plaintiff's Emergency Motion to Enjoin Defendants from Filing Related Declaratory Judgment Actions and Request for Expedited Briefing in Cause Nos. 6:12-cv-486 (Doc. No. 53); 6:12-cv-786 (Doc. No. 40); 6:12-cv-788 (Doc. No. 39); 6:12-cv-837 (Doc. No. 44); and 6:12-cv-838 (Doc. No.42).

III. **Plaintiff's Motion for Hearing on Plaintiff's Emergency Motion to Enjoin**[3]

This motion is **DENIED**.

IV. **Defendants' Motion on Stay Pending Covered Business Method Patent Review**[4]

This motion is **DENIED** without prejudice.

On June 25, 2013, Defendant Groupon, Inc. filed three petitions for Covered Business Method Patent (CBMP) review with the United States Patent and Trademark Office (USPTO). These petitions seek post-grant review of the validity of three of the five asserted patents. Groupon believes that alleged prior art not considered during prosecution will significantly alter the claims or invalidate them. Under the CBMP review procedure, Plaintiff will have three months to respond to Groupon's petitions. The USPTO will then have three months to determine if review is appropriate.

Because the USPTO has not yet determined if CBMP review is appropriate, the Court finds Defendants' request premature. This case shall proceed in accordance with the concurrently issued Second Amended Scheduling Order. If the USPTO grants Groupon's petitions, Defendants may reurge their motions at that time.

---

[3] This order applies to Plaintiff's Notice of Order in Related New York Action and Motion for Hearing on Plaintiff's Emergency Motion to Enjoin in Cause No. 6:12-cv-837 (Doc. No. 59).

[4] This order applies to the following motions: Defendants' Motion and Memorandum in Support of Motion to Stay Litigation Pending Covered Business Method Patent Review in Cause Nos. 6:12-cv-486 (Doc. No. 69); 6:12-cv-786 (Doc. No. 57); 6:12-cv-788 (Doc. No. 57); and 6:12-cv-837 (Doc. No. 61).

Page **4** of 5

V.  **Defendants' Emergency Motion for Protective Order to Bar Discovery Pending Resolution of Pending Motions**[5]

In light of the Court's ruling on Defendants' motion to stay pending CBMP review, this motion is **DENIED**.

**It is SO ORDERED.**

SIGNED this 19th day of July, 2013.

                                                 */s/ Michael Schneider*
                                        MICHAEL H. SCHNEIDER
                                        UNITED STATES DISTRICT JUDGE

---

[5] This order applies to the following motions: Defendants' Emergency Motion for Protective Order to Bar Further Discovery Pending Resolution of Motions to Stay Litigation Pending Covered Business Method Patent Review and to Transfer and for Shortened Briefing Schedule in Cause Nos. 6:12-cv-486 (Doc. No. 80); 6:12-cv-786 (Doc. No. 58); 6:12-cv-788 (Doc. No. 58); and 6:12-cv-837 (Doc. No. 64).