<mark>Case 2:13-cv-00655-WCB Document 69-4 Filed 04/24/14 Page 1 of 8 PageID #: 1077</mark>



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 62047 | 7590 | 04/22/2014 |

PATENTS ON DEMAND, P.A.-General
4581 WESTON ROAD
SUITE 345
WESTON, FL 33331

| EXAMINER |
|---|
| LABAZE, EDWYN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2887 | |

DATE MAILED: 04/22/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/969,873 | 08/19/2013 | SEAN I. MGHIE | POND60001US1C20 | 2660 |

TITLE OF INVENTION: CROSS MARKETING BETWEEN AN ENTITY'S LOYALTY POINT PROGRAM AND A DIFFERENT LOYALTY PROGRAM OF A COMMERCE PARTNER

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 07/22/2014 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u> Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or <u>Fax</u> (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

62047    7590    04/22/2014
PATENTS ON DEMAND, P.A.-General
4581 WESTON ROAD
SUITE 345
WESTON, FL 33331

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/969,873 | 08/19/2013 | SEAN I. MGHIE | POND60001US1C20 | 2660 |

TITLE OF INVENTION: CROSS MARKETING BETWEEN AN ENTITY'S LOYALTY POINT PROGRAM AND A DIFFERENT LOYALTY PROGRAM OF A COMMERCE PARTNER

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 07/22/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| LABAZE, EDWYN | 2887 | 235-380000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ Applicant certifying micro entity status. See 37 CFR 1.29
☐ Applicant asserting small entity status. See 37 CFR 1.27
☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/969,873 | 08/19/2013 | SEAN I. MGHIE | POND60001US1C20 | 2660 |

| | | | EXAMINER |
|---|---|---|---|
| 62047 | 7590 | 04/22/2014 | LABAZE, EDWYN |

PATENTS ON DEMAND, P.A.-General
4581 WESTON ROAD
SUITE 345
WESTON, FL 33331

| ART UNIT | PAPER NUMBER |
|---|---|
| 2887 | |

DATE MAILED: 04/22/2014

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 0 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 0 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 13/969,873 | MGHIE ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | EDWYN LABAZE | 2887 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *communication filed on 4/11/2014*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-39*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All    b) ☐ Some   *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/EDWYN LABAZE/
Primary Examiner, Art Unit 2887

Application/Control Number: 13/969,873 Page 2
Art Unit: 2887

1. The present application is being examined under the pre-AIA first to invent provisions.

## DETAILED ACTION

2. Receipt is acknowledged of amendments/arguments & TD filed on 4/11/2014.

3. Claims 1-39 are presented for examination.

4. This application is a CON of 13/532,342 filed on 06/25/2012 now PAT 8,297,502 and is a CON of 13/420,255 filed on 03/14/2012 now ABN and is a CIP of 13/681,479 filed on 11/20/2012 now PAT 8,684,265 and is a CIP of 13/681,493 filed on 11/20/2012 now PAT 8,668,146.

*Allowable Subject Matter*

5. Claims 1-39 are allowed.

6. The following is an examiner's statement of reasons for allowance: the prior art of record fails to specifically teach that the funds account is neither owned nor controlled by the entity or by any subsidiary or parent of the entity, wherein the credits account is neither owned nor controlled by the commerce partner or by any subsidiary or parent of the commerce partner, wherein the entity does not: a) accept the different loyalty points as payment for any of the goods or services of the restricted set; or b) accept the different loyalty points as payment for any of the goods or services of the restricted set without quantities of the different loyalty points being converted into quantities of loyalty points, wherein an agreement exists between the entity and the commerce partner, wherein the agreement permits members to: a) convert quantities of the loyalty points into quantities of the different loyalty points; b) convert quantities of the different

Application/Control Number: 13/969,873                                                                   Page 3
Art Unit: 2887

loyalty points into the loyalty points, or e) convert quantities of the loyalty points into quantities of different loyalty points and to convert quantities of different loyalty points into quantities of loyalty points wherein the agreement specifies that the entity or the commerce partner are to provide compensation to the other in an agreed upon amount for conversions between the loyalty points and the different loyalty points; the computer responsive to receiving an indication of a member interaction, determining an additional quantity of different loyalty points to be earned responsive the member interaction; the computer processing the additional quantity to trigger an addition of the additional quantity to the funds account per the loyalty program due to a cross marketing agreement between the entity and the commerce partner, wherein the entity compensates the commerce partner for the additional quantity of the different loyalty points added to the funds account per member involvement in the loyalty program. These limitations in conjunction with other limitations in the claimed invention were not shown by the prior art of record.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to EDWYN LABAZE whose telephone number is (571)272-2395. The examiner can normally be reached on 7:30 AM - 4:00 PM.

Application/Control Number: 13/969,873                                             Page 4
Art Unit: 2887

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Steve Paik can be reached on (571) 272-2404. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/EDWYN LABAZE/
Primary Examiner, Art Unit 2887