## Subject Matter Eligibility of Computer Readable Media

The United States Patent and Trademark Office (USPTO) is obliged to give claims their broadest reasonable interpretation consistent with the specification during proceedings before the USPTO. *See In re Zletz*, 893 F.2d 319 (Fed. Cir. 1989) (during patent examination the pending claims must be interpreted as broadly as their terms reasonably allow). The broadest reasonable interpretation of a claim drawn to a computer readable medium (also called machine readable medium and other such variations) typically covers forms of non-transitory tangible media and transitory propagating signals *per se* in view of the ordinary and customary meaning of computer readable media, particularly when the specification is silent. *See* MPEP 2111.01. When the broadest reasonable interpretation of a claim covers a signal *per se*, the claim must be rejected under 35 U.S.C. § 101 as covering non-statutory subject matter. *See In re Nuijten*, 500 F.3d 1346, 1356-57 (Fed. Cir. 2007) (transitory embodiments are not directed to statutory subject matter) and *Interim Examination Instructions for Evaluating Subject Matter Eligibility Under 35 U.S.C. § 101*, Aug. 24, 2009; p. 2.

The USPTO recognizes that applicants may have claims directed to computer readable media that cover signals *per se*, which the USPTO must reject under 35 U.S.C. § 101 as covering both non-statutory subject matter and statutory subject matter. In an effort to assist the patent community in overcoming a rejection or potential rejection under 35 U.S.C. § 101 in this situation, the USPTO suggests the following approach. A claim drawn to such a computer readable medium that covers both transitory and non-transitory embodiments may be amended to narrow the claim to cover only statutory embodiments to avoid a rejection under 35 U.S.C. § 101 by adding the limitation "non-transitory" to the claim. *Cf. Animals – Patentability*, 1077 *Off. Gaz. Pat. Office* 24 (April 21, 1987) (suggesting that applicants add the limitation "non-human" to a claim covering a multi-cellular organism to avoid a rejection under 35 U.S.C. § 101). Such an amendment would typically not raise the issue of new matter, even when the specification is silent because the broadest reasonable interpretation relies on the ordinary and customary meaning that includes signals *per se*. The limited situations in which such an amendment could raise issues of new matter occur, for example, when the specification does not support a non-transitory embodiment because a signal *per se* is the only viable embodiment such that the amended claim is impermissibly broadened beyond the supporting disclosure. *See, e.g., Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed. Cir. 1998).

Date: 1/26/10      _____

David J. Kappos
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office