# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Civil Action No. 2:13-cv-655-JRG <br> (LEAD CASE) |
| LOYALTY CONVERSION SYSTEMS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Civil Action No. 2:13-cv-659-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER AIRLINES, INC. <br><br> Defendant. | Civil Action No. 2:13-cv-660-JRG |

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.<br><br>    Defendant. | Civil Action No. 2:13-cv-663-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SPIRIT AIRLINES, INC.<br><br>    Defendant. | Civil Action No. 2:13-cv-664-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Civil Action No. 2:13-cv-665-JRG |

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>US AIRWAYS, INC.<br><br>    Defendant. | Civil Action No. 2:13-cv-666-JRG |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Nothing in Loyalty Conversion Services Corporation's ("LCSC") Opposition to Defendants'[1] Motion to Stay refutes that there is a threshold question facing the parties and the Court in this case: whether the asserted patents claim patent eligible subject matter pursuant to 35 U.S.C. § 101. Despite LCSC's attempt to dismiss this question as meritless, Defendants' pending Motion for Judgment and CBM petitions evidence the import and merit of this question. The issue the Court must decide is whether the question of patentability is best decided by the Patent and Trademark Board ("PTAB") or this Court. Should the Court conclude the PTAB is the best forum, Defendants maintain that all nine cases should be stayed as resolution of the CBM petitions will necessarily resolve or narrow the claims.

In its Opposition, LCSC attempts to merge nine separate lawsuits into one case, ignoring that while the cases are currently consolidated for discovery and claim construction, there will be nine separate trials involving nine unrelated airlines in a jurisdiction with little to no infringing activity and in which LSCS has no presence.[2] Of the nine Defendants, two filed jurisdictional motions – JetBlue and Hawaiian – and five prepared and filed the CBM petitions.[3] Notably, of the four defendants that did not join the CBM petitions, three have agreed to be bound to the AIA estoppels should a stay be granted, including Spirit, Southwest and Hawaiian.[4] Defendants also understand JetBlue will be filing a separate document with the Court expressing its own willingness to be bound by the AIA estoppels. Accordingly, the four factors set forth in the AIA § 18(b) all heavily weigh in favor of a stay.

---

[1] Defendants Delta Air Lines, Inc., Frontier Airlines, Inc., United Airlines, Inc., US Airways, Inc., American Airlines, Inc., Southwest Airlines Co., and Spirit Airlines, Inc. are herein collectively, "Defendants."
[2] *See* Dkt. 63 (Defendants' Motion to Stay) at 15; *see also* Dkt. 12 (Hawaiian Airlines' Motion to Dismiss) at 6-7 (No. 13-cv-661); *see also* Dkt. 11 (JetBlue Airways' Rule 12(b)(3) Motion to Dismiss) at 2-3 (No. 13-cv-662).
[3] The five defendants who filed the CBM petitions are: American Airlines, Inc. ("American"); Delta Air Lines ("Delta"); Frontier Airlines ("Frontier"); US Airways; and United Airlines ("United").
[4] Provided that the Court is inclined to grant the Motion and stay this case Hawaiian would agree to be bound by the CBM estoppels to the extent required by law, but would do so without waiver of any positions set forth in its pending Motions to Dismiss.

# ARGUMENT

### A. A Stay Will Eliminate or Narrow the Issues for All Nine Trials

Resolution of the CBM Petitions will necessarily eliminate or at least narrow the issues for all nine trials. LCSC's argument that a stay will not simplify the issues in question or streamline "the trial" is unpersuasive. *See* Dkt. 69 at 4. Even if the AIA estoppels applied to only those defendants who filed the CBM petitions, the issues would be simplified or eliminated in those five trials. However, given that the remaining four defendants agree to be bound by the AIA estoppels should the Court stay the cases, LCSC's argument that two classes of defendants would be created if a stay were granted, thus undermining the efficiencies of a stay is moot.

As set forth in Defendants' Motion to Stay, the Court will benefit from the PTAB's findings, as the PTAB will consider multiple issues, including whether the asserted patents are invalid under 35 U.S.C. §§ 101, 102, 103 or 112 for lack of written description. And, contrary to LCSC's mere conclusion that the CBM petitions will not be instituted, the PTAB's own statics reveal that defendants' CBM petitions have a high chance of being instituted. The court in *Brixham Solutions Ltd, v. Juniper Networks, Inc.*, recognized that the "the vast majority of requests for *inter partes* review are accepted and in virtually all of the cases in which final written decisions have been issued, the PTO has cancelled some or all of the challenged claims," and therefore granted a stay before the PTAB issued its initial determinations.[5] No. 13-cv-616, 2014 WL 1677991 at *1 (N.D.Cal. Apr. 28, 2014). Once instituted, the CBM petitions have a high likelihood of success as ten out of the eleven instituted CBM reviews that have reached final decision have cancelled all the claims at issue, and in the eleventh case seventeen out of

---

[5] The court in *Brixham* acknowledged that the PTO instituted 87% of requests for inter partes review in 2013, and 79% in the first quarter of 2014. *Id.* n 3.

twenty claims were cancelled.[6]

Rather than address whether a stay will in fact eliminate or narrow the issues across the nine cases, LCSC states that Defendants' arguments that their CBM petitions will be instituted are speculative because the same patent examiner that issued the asserted claims has issued other, "related" patents. *See* Dkt. 69 at 7-9. LCSC's argument is without merit for two reasons. First, whether there are other patents related to the asserted patents has no impact on this case or the CBM petitions. LCSC has only asserted two patents in this case and those two patents are the subject of the CBM petitions. Second, each patent claim is a separate cause of action that is to be addressed separately on its merits. *See Kearns v. Gen. Motoros Corp.*, 94F.3d 1553, 1555-56 (Fed. Cir. 1996). Whether LCSC's "other patents" are valid is a separate issue unrelated to these cases or the CBM petitions[7].

Nothing in LCSC's Opposition disputes that when creating the CBM Review Program, Congress recognized that examiners may grant business method patents of poor quality and therefore provided an avenue to challenge the validity of such patents. *See e.g.*, 157 Cong. Rec. S1363 ("[t]he ability to easily obtain business method patents without a rigorous and thorough review in the Patent Office has created a flood of poor quality business method patents"); *see also Id.* at S1364 ("business method patents . . . are generally of dubious quality because unlike other types of patents, they have not been thoroughly reviewed at the PTO").[8] Defendants are using this avenue to challenge the validity of the asserted patents and should this Court conclude

---

[6] The source (an article on Law360) that the LCSC relies on to support its position that the CBMs will not be successful published another article stating that "the U.S. Patent and Trademark Office has canceled about 95 percent of the patent claims that have been challenged." Ex. 11 at 1.
[7] Even LCSC, relied on several PTAB opinions that purported to supports its position (Dkt. 71 at 13, 14, and 20), thus agreeing that the PTAB, is suited to review the substantive issues set forth at least with respect to 101 determinations. Further, a three-judge panel on the PTAB is also better suited to determine the relevance – if any – that its own precedent has to the issues presented in the CBM including prior allowance by the patent examiner.
[8] LCSC in several places incorrectly states that Congress imposed a "high standard" or "threshold" for CBM petitions. Rather, the statute clearly states that the PTAB reviews invalidity under a preponderance of the evidence standard rather than the higher clear and convincing standard used by the District Courts. 35 USC 316(e).

the PTAB is the best forum to make this determination, these cases should be stayed to allow the PTAB to narrow, if not eliminate the issues for all nine trials.

      B.      <u>The Early Stage of these Cases Favors Granting a Stay</u>

All nine cases are still in their early stages. The only exchanges to date have been non-infringement and invalidity contentions. LCSC did nothing to move this case along for over eight (8) months. It was only *after* Defendants filed the Motion to Stay that LCSC served any discovery. LCSC's claim of prejudice is not credible and notably, courts in this District have dismissed similar arguments. *See e.g.*, *Landmark Tech.*, WL 486836, at *1 and *4 (granting a stay explaining that activity such as a "scheduling conference," "issu[ing] several routine and administrative orders," serving "disclosures," and having a pre-trial date do not weigh against granting a stay). *See also Brixham*, 2014 WL 1677991, at *2. Granting a stay now eliminates the needless waste of party and judicial resources that will come from parallel proceedings and the risk that the PTAB and the Court render conflicting results. *See e.g. Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).

      C.      <u>Issuing a Stay Will Not Cause LCSC to Suffer Undue Prejudice</u>

LCSC is a non-practicing entity. It is well recognized that any slight delay in the proceedings will not prejudice a non-practicing entity because any claim for damages LCSC may be entitled to will continue to accrue during the stay. *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 WL 3766655, at *2 (E.D. Tex. Sept. 20, 2010). Moreover, if the stay is granted all the Defendants have or will agree to the estoppels set forth in the AIA for CBM proceedings. Thus, LCSC's concern that arguments raised in the CBMs could be re-litigated in this case – is moot.

LCSC's argument that granting a stay is premature because the CBMs have not yet been instituted is without merit. As noted above, this Court recently recognized that a stay at this stage is warranted under similar circumstances. In *Landmark*, the court granted a stay four months

prior to institution of two CBMs recognizing that "[s]hould the PTO deny iRobot's petition for CBM Review, or grant CBM Review with a narrow scope, the Court can lift the stay and resume litigation with minimal delay." *Landmark Tech.*, 2014 WL 486836, at *3; *see also Brixham Solutions*, 2014 WL 1677991, at *2.[9] Moreover, LCSC's reliance on *VirtualAgility, Inc. v. Salesforce.com, Inc.*, is unfounded. In *VirtualAgility*, the Court explicitly noted that the patent subject to a CBM had gone through a "lengthy prosecution process" spanning "twelve years" including multiple prior art and 101 rejections and an appeal to the Board. No. 2:13-cv-11, 2014 WL 94371 at *3 (E.D. Tex. Jan. 9, 2014). The court also noted that "Salesforce and VirtualAgility" compete in the same market. *Id.* at *6. Unlike *VirtualAgility*, the asserted patents did not undergo lengthy prosecution. Rather, the examiner issued the asserted patents only a few months after they were filed, even though he was faced with having to "review" over 800 prior art references across the two applications. Further, LCSC is a non-practicing entity and therefore does not compete with any of the nine defendants.

        D.      <u>A Stay Will Reduce the Litigation Burden on the Parties and the Court</u>

As discussed above, LCSC's only argument – that there will not be a reduction in litigation because not all parties will be stopped – is rendered moot by the remaining defendants' agreement to be bound by the CBM estoppels. "The entire purpose of the transitional program at the PTO is to reduce the burden of litigation." *Landmark*, 2014 WL 486836, at *1 (quoting 157 Cong. Rec. S1363-64 (2011)). Thus, this factor also favors a stay.

---

[9] Other cases have also granted stays before the CBM proceeding was instituted. *See In re Amernath*, No. 11-cv-1810, 2013 WL 7144380, at *3 (S.D. Cal. Nov. 26, 2013); *Constellation IP, LLC v. AllState Corp.*, No. 5:07-cv-132, 2008 WL 4787625, at *3 (E.D. Tex. May 12, 2008); *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549, 2013 WL 5530573, at *8 (W.D. Wash. Oct. 7, 2013); *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 490 (D. Del. 2013); *Sightsound Techs.*, No. 11-1292, 2013 WL 2457284, at *3-4 (W.D. Pa. June 6, 2013); *Credit Acceptance Corp. v. Westlake Servs., LLC.*, No. CV 13-01523, 2013 WL 7144391, at *6 (C.D. Cal. Dec. 30, 2013); *Intertainer, Inc. v. Hulu, LLC.*, No. CV 13-05499, 2014 WL 466034, at *2 (C.D. Cal. Jan. 24, 2014); and *Capital Dynamics, AG, v. Cambridge Assocs., LLC.*, No. 13Civ. 7766, 2014 WL 1694710 (S.D.NY. Apr. 1, 2014).

Dated: May 5, 2014

Respectfully submitted,

| | |
|---|---|
| */s/ Jennifer Parker Ainsworth* | */s/ Thomas C. Wright* |
| Jennifer Parker Ainsworth | *(with permission by Jennifer P. Ainsworth)* |
| Texas Bar No. 00784720 | Ross Cunningham |
| jainsworth@wilsonlawfirm.com | Texas Bar No. 24007062 |
| WILSON, ROBERTSON & CORNELIUS, P.C. | Thomas C. Wright |
| 909 ESE Loop 323, Suite 400 | Texas Bar No. 24028146 |
| P.O. Box 7339 [75711] | Alex J. Whitman |
| Tyler, Texas 75701 | Texas Bar No. 24081210 |
| Telephone: (903) 509-5000 | ROSE WALKER, L.L.P. |
| Facsimile: (903) 509-5092 | 3500 Maple Avenue, Suite 900 |
| | Dallas, Texas 75216 |
| | Telephone: 214.752.8600 |
| Stephen E. Baskin | Facsimile: 214.752.8700 |
| Virginia Bar No. 47567 | rcunningham@rosewalker.com |
| sbaskin@mayerbrown.com | twright@rosewalker.com |
| Ann Marie Duffy *(pro hac vice)* | awhitman@rosewalker.com |
| aduffy@mayerbrown.com | |
| Dara M. Kurlancheek | |
| New York Bar No. 4701181 | Michael C. Smith |
| dkurlancheek@mayerbrown.com | State Bar No. 18650410 |
| Saqib J. Siddiqui *(pro hac vice)* | Seibman, Burg, Phillips, LLP |
| ssiddiqui@mayerbrown.com | 113 E. Austin Street |
| MAYER BROWN LLP | P.O. Box 1556 |
| 1999 K Street, N.W. | Marshall, TX 75671 |
| Washington, DC 20006 | Telephone: 903-938-8900 |
| Telephone: (202) 263-3000 | Facsimile: 903.767.4620 |
| Facsimile: (202) 263-3300 | michaelsmith@seibman.com |
| | |
| **ATTORNEYS FOR DEFENDANTS AMERICAN AIRLINES, INC., DELTA AIR LINES, INC., FRONTIER AIRLINES, INC., UNITED AIRLINES, INC. AND US AIRWAYS, INC.** | **ATTORNEYS FOR DEFENDANT SPIRIT AIRLINES, INC.** |

>*/s/ Max Ciccarelli*
>*(with permission by Jennifer P. Ainsworth)*
>Max Ciccarelli
>State Bar No. 00787242
>Max.ciccarelli@tklaw.com
>Daniel Murray
>State Bar No. 24086422
>Daniel.murray@tklaw.com
>THOMPSON & KNIGHT LLP
>One Arts Plaza
>1722 Routh Street, Suite 1500
>Dallas, Texas 75201
>Telephone: 214.969.1700
>Facsimile: 214.969.1751
>
>**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO**.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a), on this the 5th day of May, 2014.

>*/s/ Jennifer P. Ainsworth*
>Jennifer P. Ainsworth