**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LOYALTY CONVERSION SYSTEMS
CORPORATION
     Plaintiff,

     v.

AMERICAN AIRLINES, INC., *et al.*,
     Defendants.

Case No. 2:13-CV-655
(LEAD CASE)

### PLAINTIFF LOYALTY CONVERSION SYSTEMS CORPORATION'S SURREPLY TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

Plaintiff Loyalty Conversion Systems Corporation ("Loyalty Conversion" or "Plaintiff") respectfully submits its Surreply in Opposition to Defendants' Motion to Stay Proceedings and in support thereof states as follows:[1]

## I.    ARGUMENT

The parties agree that the issue of whether the asserted patents claim patent eligible subject matter pursuant to 35 U.S.C. § 101 is a threshold issue. Movants have framed the current issue before the Court as whether the threshold § 101 issue is best decided by the PTAB or this Court. The answer is clear. Under the circumstances here, the Court is the best, most expeditious forum.

Movants cannot deny that it is speculative whether the Board will initiate a trial as to any of the challenged claims. Likewise, it is speculative whether the Board will find all of the patents in suit unpatentable. Finally, it is speculative whether the outcome of the CBM Review

---

[1] Unless otherwise indicated, all capitalized terms have the meaning ascribed to them in Loyalty Conversion's response in opposition to the Motion. "Opposition" or "Opp." refers to Loyalty Conversion's Response in Opposition to Defendants' Motion (Dkt. 71); "Reply" refers to Defendants' Reply in Support of their Motion (Dkt. 72).

will result in any of the challenged claims being invalidated such that the claim is not part of the litigation.

By contrast, it is not speculative, but rather certain that the threshold § 101 issue is ripe for the Court's consideration now.  The parties have completed all the briefing on Defendants' Rule 12(c) Motion, and the Court has set the hearing on that motion for June 10, 2014.  Consequently, it is certain that a stay in favor of the pending CBM petitions would delay a decision on the threshold § 101 issue for potentially two years, *if* the requested review is even granted.  Additionally, it is certain that if the CBM petitions were granted, the trial set for March 9, 2015, would end prior to the resolution of any PTO proceedings.  If Movants truly want an expeditious resolution to the threshold § 101 issue, this Court is the proper forum, not the PTAB.

The cases before this Court cannot be described as nascent.  In addition to having a set trial date, the parties have exchanged discovery, including exchange of infringement and invalidity contentions.  *See Affinity Labs of Tex. V. Ford Motor Co.*, No. 1-12-CV-589, 2013 WL 7760958, at *2 (E.D. Tex. Sept. 19, 2013) (describing such circumstances as counseling against a stay).  Even if these cases could be characterized as "in their early stages" as Movants' contend (*see* Dkt. 72 at 7), the CBM Review is at an even earlier stage than the litigation.  *See Benefit Funding Sys. L.L.C. v. Advance Am., Cash Advance Ctrs.*, No. 12-801-LPS, 2013 WL 3296230 at *2 (D. Del. June 28, 2013) (denying stay based on similar circumstances); *see also* Response at 11 and cases cited therein.

Movants rely on the decision in *Landmark Tech., LLC v iRobot Corp.*, No. 6:13-cv-411 JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) in support of their argument that a stay is not premature here.  *See* Dkt. 72 at 8.  But the facts in *Landmark* stand in stark contrast to the facts here.  The *Landmark* court specifically noted that:

a decision by the PTO of whether to grant CBM Review [was] expected four months before the scheduled *Markman* hearing.  Because the motion to stay was filed so early in the litigation and the Court can lift the stay with minimal delay, this factor also weighs in favor of granting at least a temporary stay.

*Landmark* 2014 WL 486836 at *3.  With the Rule 12(c) Motion ripe for decision, the *Markman* hearing scheduled on August 28, 2014, and the trial set for March 2015, the Court cannot lift a stay here with minimal delay here.  *See* Opposition at 11 and cases cited therein (holding that a stay pending review is not appropriate when the PTO has yet to grant the petitions).

Movants incorrectly argue that Loyalty Conversion would suffer no undue prejudice by the stay because it is a non-practicing entity and because all of the Defendants have or will agree to be bound by the AIA estoppels.  As a preliminary matter, courts have found plaintiffs who are similarly situated to Loyalty Conversion are prejudiced by a stay.  *See , e.g.*, *Benefit Funding*, 2013 WL 3296230 at *2 ("Plaintiff will suffer some prejudice from a stay, due to loss of their chosen forum, the possibility of necessary witnesses' memory fading, and the negative impact on their ability to license the patent-in-suit.").  Furthermore, while applicability of the AIA estoppel to ***all*** Defendants should be a necessary condition for any stay,[2] it is not a sufficient condition upon which to base a stay here.[3]  Contrary to Movants' suggestion, the Defendants' alleged agreement to be bound by the AIA estoppe does not change the analysis of the other circumstances set forth above, all of which counsel against a stay here.

The AIA makes a stay possible, not inevitable.  Under the relevant facts here, a stay is not warranted.

---

[2] Movants have effectively conceded in their Reply that creating two classes of defendants would undermine any efficiency they purport would result from a stay and would unduly prejudice Loyalty Conversion.  *See* Dkt. 72 at 5; *see also* Dkt. 69 at 5-7, 10-11.

[3] In any event, Movants' current representations regarding the other non-Petitioning Defendants' willingness to be bound is insufficient to protect Loyalty Conversions rights.  To date, none of the other four Defendants has proposed or filed a stipulation setting forth the precise scope of such an agreement.  Indeed, Movants have represent that "JetBlue will be filing a separate document with the Court expressing its own willingness to be bound by the AIA estoppels" (Dkt. 72 at 4), but to date no such filing has been filed by JetBlue or any other Defendant.

3

## II.    CONCLUSION

For all of the reasons set forth in Loyalty Conversion's Response and this Surreply, Defendants' Motion to Stay Proceedings should be denied.

Dated: May 22, 2014                                    Respectfully submitted,

                                                        /s/  Andrew G.  DiNovo_____
                                                        Andrew G.  DiNovo
                                                        Texas State Bar No. 00790594
                                                        Jay D. Ellwanger
                                                        Texas State Bar No. 24036522
                                                        Adam G. Price
                                                        Texas State Bar No. 24027750
                                                        Stefanie T. Scott
                                                        Texas State Bar No. 24061617
                                                        **DiNovo Price Ellwanger & Hardy LLP**
                                                        7000 N.  MoPac Expressway, Suite 350
                                                        Austin, Texas  78731
                                                        Telephone:  (512) 539-2626
                                                        Telecopier:  (512) 539-2627

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of May, 2014, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo