# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

MAX CICCARELLI
DIRECT DIAL: (214) 969-1599
EMAIL: Max.Ciccarelli@tklaw.com

ONE ARTS PLAZA
1722 ROUTH STREET ● SUITE 1500
DALLAS, TEXAS 75201
214.969.1700
FAX 214.969.1751
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO

ALGIERS
LONDON
MONTERREY
PARIS

June 10, 2014

**Via Email and Certified Mail**

Andrew G. DiNovo
DiNovo Price Ellwanger & Hardy LLP
7000 N. MoPac Expressway, Suite 350
Austin, TX 78731

      Re:    *Loyalty Conversion Systems Corp. v. Southwest Airlines Corp.;* 2:13-cv-655 (lead case); Notice Letter to File Southwest's Motion for Sanctions and Original Petition for Loyalty Conversion's Defamatory Actions

Dear Drew:

    I write to once again ask that Loyalty Conversion Systems ("LCS") dismiss Southwest from the above-referenced lawsuit. LCS's lawsuit against Southwest is frivolous.

    As you and I have previously discussed, Southwest is often targeted with frivolous lawsuits brought by non-practicing entities. Southwest has made it a practice of fighting these lawsuits, and its persistent efforts and litigation strategies have resulted in several plaintiffs choosing to dismiss Southwest outright without a settlement. Some plaintiffs, however, take longer than others in choosing to dismiss Southwest, and Southwest has been working on additional strategies for leveling the playing field. Although it hopes that plaintiffs will heed the Supreme Court's guidance in *Octane* and *Highmark*, Southwest has found additional ways to ensure that plaintiffs that bring frivolous lawsuits are held accountable for the damages they cause.

    As I mentioned to you on one of our previous calls, one such way is to pursue State causes of action against the plaintiff. Not many defendants have taken this approach, but, as you have seen from this litigation, Southwest's approach is not always conventional. Attached is a draft petition seeking damages for LCS's defamatory infringement claims, and ready to be filed when the Court grants Defendants' Motion to Dismiss. As the petition sets forth, LCS's baseless infringement claims against Southwest are being asserted in bad faith and with knowledge that the asserted patents—U.S. Patent Nos. 8,313,023 and 8,511,550—are invalid and not infringed. As a result of LCS's defamatory infringement claims, Southwest has suffered damages to its reputation and is therefore entitled to damages. Southwest further requests that LCS publicly retract all defamatory statements alleging that Southwest infringes or has infringed the asserted patents that have been made in this case, including without limitation LCS's Complaint filed in August 20, 2013, and LCS's Answer to Southwest's Counterclaims, filed on November 21, 2013.

    In addition, Southwest is preparing a Motion for Sanctions in accordance with Federal Civil Procedure Rule 11(c)(2) in the event the Court delays ruling on the Motion to Dismiss. It

Confidential Settlement Discussion Subject to FRE 408

June 10, 2014
Page 2

is clear based on LCS's Complaint, Infringement Contentions, and all other communication since the filing of this lawsuit that LCS brought this suit against Southwest knowing that Southwest does not infringe the patents.  At the very least, Loyalty did not have a Rule 11 basis for asserting claims against Southwest when it filed suit, and it certainly now knows that Southwest does not infringe. As is evident from simply using the accused instrumentalities, as highlighted in LCS's Infringement Contentions, and as set forth in Southwest's interrogatory responses, there is no evidence that Southwest's Rewards Program "approximately immediately" converts credits from one system to another, as the patents require. With most business partners, the conversion takes more than a week, but in any event at least one day.  Plainly put, LCS could not have conducted an adequate pre-suit investigation and its continued efforts to enforce an invalid patent against a defendant that does not infringe are frivolous and baseless.

     As you know from our past encounters, I like to deal with opposing counsel openly, candidly, practically, and fairly.  That is why I encouraged you previously in our telephone discussions to dismiss Southwest.  It appears that your client may not be fully appreciating Southwest's intentions.  I therefore wanted to remind you in writing that continuing to keep Southwest in this litigation will have consequences beyond just paying for Southwest's legal fees.  I again encourage LCS to dismiss Southwest and to publically retract LCS's defamatory statements.

     If you have any questions or comments, I can be reached at the phone number above, or we can talk in person at tomorrow's hearing.

                    Sincerely,

                    Max Ciccarelli

Enclosure