**Confidential Settlement Discussion – Subject to FRE 408**

|  |  |  |
|---|---|---|
|  | NO. |  |
| **Southwest Airlines Company,** | § | IN THE DISTRICT COURT OF |
|  | § |  |
| **Plaintiff,** | § |  |
|  | § |  |
| v. | § | DALLAS COUNTY, TEXAS |
|  | § |  |
| **Copytele Inc. and Loyalty Conversion Systems Corp.,** | § |  |
|  | § |  |
|  | § | ___ JUDICIAL DISTRICT |
| **Defendants.** | § |  |

# Southwest Airlines Company's Original Petition

Defendants Copytele Inc. ("CTI") and its wholly-owned subsidiary, Loyalty Conversion Systems Corp., are patent trolls. A patent troll is a company that profits from innovations that it had no hand in developing or creating. It holds patents, but does not make or sell products covered by the patents. Rather, it brings (often frivolous) patent-infringement lawsuits against productive companies that actually do develop, make, and sell products, with the goal of forcing those companies to settle for far less than the cost of fighting the suits. As recently reported in the New York Times, patent trolling is a singularly destructive and misguided practice.[1] Indeed, patent trolls cost the United States economy at least $29 billion a year in direct costs and as much as $83 billion in indirect costs.

CTI and Loyalty Conversion proudly proclaim their trolling business model. In press releases and SEC filings, they admit that they do not develop, sell, or create any products. Rather, they are in the business of "patent monetization"; that is, they bring patent-infringement lawsuits and engage in patent-infringement litigation. In 2013 alone they sued no less than 25 companies, including Southwest, disrupting their businesses and harming their reputations with

---

[1] *See* Robin Feldman, *Slowing the Patent Trolls*, N.Y. Times, Mar. 28, 2014 (available at http://www.nytimes.com/2014/03/29/opinion/slowing-the-patent-trolls.html).

**Confidential Settlement Discussion – Subject to FRE 408**

baseless infringement claims, all in an effort to extort settlements for less than the cost of defending the cases on the merits.

Southwest brings this defamation suit to recover damages caused by the objectively baseless infringement claims CTI and Loyalty Conversion maliciously asserted against Southwest both in the news media and in a frivolous lawsuit filed in the Federal District Court for the Eastern District of Texas.

### Discovery Control Plan

1. Southwest requests that this case be conducted as a Level 2 case for the purpose of discovery in accordance with Texas Rule of Civil Procedure 190.3. Southwest reserves the right to move the Court to enter a discovery control plan order under Texas Rule of Civil Procedure 190.4.

### Parties

2. Southwest is a Texas corporation with its principal place of business located at 2702 Love Field Drive, Dallas, Texas 75235. Southwest is a major U.S. airline established in 1967 that operates more than 3,600 flights per day and is one of the leading airlines in the U.S. market.

3. CTI is a Delaware corporation and may be served at its principal place of business located at 900 Whitman Drive, Melville, New York 11747.

4. Loyalty Conversion is a limited liability company organized and existing under the laws of the State of Texas and may be served at its principal place of business located at 900 Whitman Drive, Melville, New York 11747. Loyalty Conversion is a wholly-owned subsidiary of CTI.

5. CTI and Loyalty Conversion do not develop, sell, or create any products. They are patent trolls whose sole business is bringing patent-infringement lawsuits and engaging in patent-infringement litigation.

**Confidential Settlement Discussion – Subject to FRE 408**

**Jurisdiction and Venue**

6. This is an action for defamation by libel. As such, this Court has subject-matter jurisdiction under Article V, Section 8, of the Texas Constitution. Further, this Court has personal jurisdiction over the Defendants as their defamatory actions were committed in whole or in part in Texas. Tex. Civ. Prac. & Rem. Code § 17.042. Venue is proper in this county under § 15.017 of the Texas Civil Practice and Remedies Code as this is the county of Southwest's residence.

**CTI and Loyalty Conversion's Defamatory Infringement Claims**

7. On August 20, 2013, CTI published a press release publicly stating that Southwest infringes two patents (the "Asserted Patents") relating to a so-called loyalty awards program. On August 23, 2013, Loyalty Conversion filed an infringement suit (the "Infringement Action") against Southwest in the Federal District Court for the Eastern District of Texas, stating that Southwest infringes the Asserted Patents.

8. Defendants' statements concerning Southwest were false and defamatory, as Southwest does not infringe the Asserted Patents.

9. On October 28, 2013, Southwest answered Loyalty Conversion's Complaint in the Infringement Action and filed Counterclaims based on non-infringement and invalidity of the Asserted Patents. Loyalty Conversion denied Southwest's Counterclaims in an Answer filed on November 21, 2013, thereby reaffirming its statement that Southwest is an infringer.

10. Defendants knew or should have known the Asserted Patents were invalid when they made their defamatory statements claiming that Southwest infringes them.

**Confidential Settlement Discussion – Subject to FRE 408**

11. On April 4, 2014, Southwest and its codefendants in the Patent Action filed a motion to dismiss under Federal Rule of Civil Procedure 12(c), asking the court to find the Asserted Patents invalid because they claimed patent-ineligible subject matter.[2]

12. On June 10, 2014, a hearing took place in front of U.S. Circuit Judge William C. Bryson on the motion to dismiss. Judge Bryson agreed with Southwest and its codefendants, found that the Asserted Patents were invalid for failure to meet the requirements of patent eligible subject matter, and dismissed Loyalty Conversions claims with prejudice.[3]

13. The Infringement Action was objectively frivolous and baseless, and Loyalty Conversion knew or should have known the Asserted Patents were invalid when it brought the action against Southwest. Loyalty Conversion's abuse of the system through its vexatious conduct of accusing Southwest of infringing invalid patents was defamatory as a matter of law and its claims were asserted in bad faith. Likewise, CTI knew or should have known that the Asserted Patents were invalid when it stated that Southwest infringes the Asserted Patents in the press release dated August 20, 2013. CTI's statement was defamatory as a matter of law and made in bad faith.

14. As a result of CTI and Loyalty Conversion's defamatory and baseless statements that Southwest infringes the Asserted Patents, Southwest suffered damage to its reputation and incurred expenses in remediating that damage.

### Causes of Action

**A. Libel Per Se — Loyalty Conversion**

15. Paragraphs 1 through 14 are incorporated by reference.

---

[2] *See, e.g.,* Dkt #61 of 2:13-cv-00655-WCB.

[3] *Citation forthcoming.*

**Confidential Settlement Discussion – Subject to FRE 408**

16. Loyalty Conversion publicly and explicitly stated that Southwest infringes the Asserted Patents in its Complaint in the Infringement Action and in its Answer to Southwest's Counterclaims.

17. Loyalty Conversion's statements that Southwest infringes the Asserted Patents were false and defamatory, and they were published in particular reference to Southwest in an attempt to injure Southwest's reputation.

18. Loyalty Conversion's defamatory statements were made with actual malice, as they were made with knowledge of their falsity or a reckless disregard for their truth. Loyalty Conversion's false and defamatory statements caused substantial damage to Southwest's reputation of honesty and integrity.

19. Loyalty Conversion's statements in the Infringement Action regarding Southwest's alleged infringement were asserted in bad faith, as Loyalty Conversion knew or should have known that the Asserted Patents were invalid and unenforceable. Further, a reasonable litigant would not expect success on the merits of the infringement claims asserted against Southwest in the Infringement Action. Further, Loyalty Conversion remained manifestly unreasonable in continuing to assert its frivolous and baseless claims during the course of litigation.

20. Southwest suffered harm to its reputation in the marketplace as a result of Loyalty Conversion's defamatory statements and incurred expenses in remediating that harm.

21. Loyalty Conversion's statements were not privileged, as groundless complaints and pleadings are not within the scope of protection.

22. Loyalty Conversion's malicious and intentional acts against Southwest impose liability for exemplary damages as they were performed with a specific intent to cause substantial injury or harm to Southwest.

**Confidential Settlement Discussion – Subject to FRE 408**

### B. Libel Per Se — CTI

23. Paragraphs 1 through 22 are incorporated by reference.

24. CTI publicly and explicitly stated that Southwest infringes the Asserted Patents in its press release of August 20, 2013.

25. CTI's statement that Southwest infringes the Asserted Patents was false and defamatory, and it was published in particular reference to Southwest in an attempt to injure Southwest's reputation.

26. CTI's defamatory statement was made with actual malice, as it was made with knowledge of its falsity or a reckless disregard for its truth. CTI's false and defamatory statement caused substantial damage to Southwest's reputation of honesty and integrity.

27. Southwest suffered harm to its reputation in the marketplace as a result of CTI's defamatory statement and is entitled to recover its expenses incurred in remediating that harm.

28. CTI's malicious and intentional acts against Southwest impose liability for exemplary damages as they were performed with a specific intent to cause substantial injury or harm to Southwest.

### Jury Demand

Southwest demands a trial by jury on all issues.

**Confidential Settlement Discussion – Subject to FRE 408**

**Prayer**

Southwest respectfully requests that the Court enter Judgment against Loyalty Conversion and CTI for the following:

- Damages in an amount within this Court's jurisdictional limits, including nominal, actual, special, and exemplary damages;
- Prejudgment and postjudgment interest; and
- Costs of suit.

Southwest also requests any further relief to which it may be entitled.

Respectfully submitted,

_____

Max Ciccarelli
  State Bar No. 00787242
J. Michael Heinlen
  State Bar No. 24032287
Shivan Mehta
  State Bar No. 24088490

Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751

Attorneys for
Southwest Airlines Company