**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LOYALTY CONVERSION SYSTEMS
CORPORATION

                                       Case No. 2:13-CV-655-WCB

        v.                        (LEAD CASE)

AMERICAN AIRLINES, INC., ET AL.

---

# Southwest Airlines and Hawaiian Airlines' Response to Motion for Preliminary Injunction (ECF No. 91)

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Loyalty Conversion seeks to impose a pre-filing injunction
on Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1.  Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.  Loyalty Conversion does not address the four factors of
the pre-filing injunction inquiry, which all weigh against
imposing an injunction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            a.  Loyalty Conversion does not assert, much less
prove, that Defendants have a history of filing
vexatious, harassing, or duplicative lawsuits. . . . . . . . . . . . . . . 3

            b.  Loyalty Conversion does not assert, much less
prove, that Defendants have a history of pursuing
litigation in bad faith. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            c.  Loyalty Conversion does not assert, much less
prove, that Defendants have burdened the courts or
other parties with vexatious, harassing, or
duplicative lawsuits. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            d.  Loyalty Conversion does not assert, much less
prove, that Defendants have engaged in
sanctionable conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.  Loyalty Conversion failed to show it is entitled to injunctive
relief even under the traditional preliminary-injunction
standard.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.  Loyalty Conversion does not have a likelihood of
success on the merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.  Loyalty Conversion will not suffer an irreparable injury
if an injunction is not issued. . . . . . . . . . . . . . . . . . . . . . . . . . 8

        3.  An injunction would harm Defendants more than
allowing them to file suit in other courts would harm
Loyalty Conversion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        4.  An injunction is not in the public interest. . . . . . . . . . . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## Cases

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ambato Media, LLC v. Clarion Co.*,
   No. 2:09-cv-242, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012) . . . . . . . . . . . . . . . . 8

*Baum v. Blue Moon Ventures, LLC*,
   513 F.3d 181 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

*Bianco v. Globus Med., Inc.*,
   No. 2:12-cv-147, 2014 WL 1049067 (E.D. Tex. Mar. 17, 2014) . . . . . . . . . . . . . 8, 9

*Bill Johnson's Rests., Inc. v. N.L.R.B.*,
   461 U.S. 731 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cate v. Oldham*,
   707 F.2d 1176 (11th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Deerfield Med. Ctr. v. City of Deerfield Beach*,
   661 F.2d 328 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*,
   23 F.3d 1071 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Homans v. Albuquerque*,
   264 F.3d 1240 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Janvey v. Alguire*,
   647 F.3d 585 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Martin-Trigona v. Lavien*,
   737 F.2d 1254 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McDonald v. Smith*,
   472 U.S. 479 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pogo Producing Co. v. Moore*,
   No. H-06-2432, 2007 WL 1144613 (S.D. Tex. Apr. 17, 2007) . . . . . . . . . . . . . . . 6

*Retzlaff v. GoAmerica Commc'ns Corp.*,
   356 S.W.3d 689 (Tex. App. El Paso 2011, no pet.) . . . . . . . . . . . . . . . . . . . . . 6

*Sieverding v. Colo. Bar Assoc.*,
   469 F.3d 1340 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Smith v. Matthews*,
   No. G-09-152, 2010 WL 519781 (S.D. Tex. Jan. 20, 2010) . . . . . . . . . . . . . . . . 10

*Soverain Software LLC v. Newegg Inc.*,
  836 F.Supp.2d 462 (E.D. Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*,
  796 F.2d 821 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tex. v. U.S.*,
  523 U.S. 296 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. Carmichael*,
  343 F.3d 756 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. Emerson*,
  270 F.3d 203 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Volstar Techs., Inc. v. Superior Commc'ns, Inc.*,
  No. 2:12-cv-82, 2013 WL 4511290 (E.D. Tex. Aug. 22, 2013) . . . . . . . . . . . . 8

*Voting for Am. Inc. v. Andrade*,
  488 Fed. Appx. 890 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Welsh v. Rockmaster Equip. Mfg. Inc.*,
  4 F. Supp. 2d 659 (E.D. Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*XpertUniverse v. Cisco Sys., Inc.*,
  No. 9-157, 2013 WL 6118447 (D. Del. Nov. 20, 2013) . . . . . . . . . . . . . . . . . 9

## Statutory Authorities

28 U.S.C. § 1338(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

## Rules

Local Rule CV-7(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PRELIMINARY STATEMENT[1]

Loyalty Conversion seeks an order barring Defendants from bringing unfair-competition claims or compulsory counterclaims in another court—despite the fact that none of the Defendants have asserted or even threatened to assert such claims against Loyalty Conversion at this time.[2] The sole basis for Loyalty Conversion's Motion appears to be a letter sent from just one Defendant, Southwest Airlines, indicating that Southwest is prepared to file a state-law defamation action against Loyalty Conversion in state court <u>after</u> this Court dismisses the baseless infringement claims asserted against Southwest here. Plainly put, Loyalty Conversion has not shown, or even described, a presently existing actual threat. Its motion should be denied for this reason alone. *See  U.S. v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. . . . Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.") (internal quotations and citations omitted).

Further, as set forth below, Loyalty Conversion applies an incorrect standard for determining whether to impose the pre-filing injunction at issue here. Briefly, to prevent a party from exercising its First Amendment right to petition, a court must find that the party has a history of filing vexatious, harassing, or duplicative lawsuits. Loyalty Conversion does not even argue, much less present evidence, that any of the Defendants has engaged in such conduct. Instead, it applies the traditional preliminary-injunction standard and contends that it will suffer irreparable harm if Defendants are permitted to file lawsuits in other courts. But Loyalty

---

[1]     Southwest Airlines and Hawaiian Airlines join in filing this brief, though they understand other Defendants intend to file their own separate responses.

[2]     Loyalty Conversion did not meet and confer with Defendants before filing its Motion, as required by Local Rule CV-7(h).

Conversion fails to justify imposing an injunction even under this standard.

The Court should therefore deny Loyalty Conversion's Motion for Preliminary Injunction because it is unsupported by both the facts and the law.

ARGUMENT

**A. Loyalty Conversion seeks to impose a pre-filing injunction on Defendants.**

**1. Legal Standard**

Loyalty Conversion asks this Court to bar Defendants from filing future claims in other courts. This is a drastic remedy, and because it is so extreme, "the traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law, do not apply." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)  (citing *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1262 (2d Cir. 1984)). Rather, in considering whether to impose an injunction against future filings, courts must weigh all relevant circumstances, including the following four factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* at 189.

Further, and significantly in this case, "it is not appropriate for a federal district court to restrict access to the state courts." *Sieverding v. Colo. Bar Assoc.*, 469 F.3d 1340, 1344 (10th Cir. 2006). "[T]hose courts . . . are capable of taking appropriate action on their own." *Baum*, 513 F.3d at 192 (quoting *Sieverding* 469 F.3d at 1344 and finding district court abused its discretion in extending pre-filing injunction to filings in state courts).

**2.  Loyalty Conversion does not address the four factors of the pre-filing injunction inquiry, which all weigh against imposing an injunction.**

The only statement in Loyalty Conversion's Motion that addresses the pre-filing-injunction standard is self-contradictory. According to Loyalty Conversion, the traditional preliminary-injunction standard applies because "Plaintiff does not seek to preclude filing by any Defendant, but rather to <u>enjoin their filing related claims in distant forums</u>."[3] Setting aside the inconsistency inherent in this statement, Loyalty Conversion is undeniably asking this Court to bar Defendants from filing future claims in other courts. This is precisely the kind of relief the pre-filing-injunction standard was created to address. Properly applying that standard to Loyalty Conversion's Motion, none of the four essential factors weighs in favor of preventing Defendants from filing lawsuits in other courts.

**a.  Loyalty Conversion does not assert, much less prove, that Defendants have a history of filing vexatious, harassing, or duplicative lawsuits.**

As the Fifth Circuit held in *Baum*, the first factor in the pre-filing-injunction analysis is "the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits." *Baum*, 513 F.3d at 189. Loyalty Conversion does not allege, nor is there any evidence, that Defendants in this case have a history of filing vexatious, harassing, or duplicative lawsuits.[4] Without such a showing, this factor weighs strongly against imposing a pre-filing injunction.

---

[3]   Mot. at 3 n.2 (emphasis added).

[4]   The only litigation-related conduct Loyalty Conversion even describes is: (1) a letter from a single Defendant—Southwest Airlines—advising that <u>if</u> Loyalty Conversion continues to assert baseless infringement claims against it, Southwest Airlines is prepared to file a defamation claim against Loyalty Conversion in state court; and (2) a lawsuit currently pending in the Southern District of New York, in which Defendant JetBlue is asserting breach-of-contract and fraud claims against Loyalty Conversion. Loyalty Conversion does not contend that either of these evidences a history of filing vexatious, harassing, or duplicative lawsuits.

> **b.** **Loyalty Conversion does not assert, much less prove, that Defendants have a history of pursuing litigation in bad faith.**

The second factor in the pre-filing-injunction analysis is the party's intent in filing the prior litigation; i.e., "whether the party had a good faith basis for pursuing the litigation, or simply intended to harass." *Id.* Once again, Loyalty Conversion is not relying on the Defendants' litigation history, so this factor also weighs against imposing a pre-filing injunction.

> **c.** **Loyalty Conversion does not assert, much less prove, that Defendants have burdened the courts or other parties with vexatious, harassing, or duplicative lawsuits.**

The third factor—"the extent of the burden on the courts and other parties resulting from the party's filings" (*id.*)—weighs against an injunction for the same reason. As there is no history of prior filings, there was no burden on the courts or other parties resulting from such filings. Nor would allowing Defendants to pursue claims in other courts, including potential state-law claims in state courts, impose any burdens on the parties or the courts beyond those normally associated with good-faith litigation.

> **d.** **Loyalty Conversion does not assert, much less prove, that Defendants have engaged in sanctionable conduct.**

With regard to the fourth and final factor—"the adequacy of alternative sanctions" (*id.*)— since Defendants have not engaged in a history of filing vexatious, harassing, or duplicative lawsuits, there is nothing to sanction. The question whether alternative sanctions may be adequate is therefore irrelevant and weighs against imposing an injunction. And even assuming, for the sake of argument, that filing claims in other courts would somehow be sanctionable conduct, those other courts could impose adequate sanctions of their own. Indeed, allowing future courts to deal with potential future conduct would not only be adequate, it is also the only valid option because there is nothing for this Court to sanction. *See, e.g.*, *U.S. v. Carmichael*, 343

F.3d 756, 761 (5th Cir. 2003) ("A claim is not ripe for review if 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Tex. v. U.S.*, 523 U.S. 296, 300 (1998)).

In sum, all four factors of the pre-filing-injunction analysis weigh heavily against imposing such an injunction against Defendants. The Court should deny Loyalty Conversion's Motion.[5]

## B. Loyalty Conversion failed to show it is entitled to injunctive relief even under the traditional preliminary-injunction standard.

Even applying the incorrect standard, as Loyalty Conversion does, there is no basis for enjoining Defendants from filing lawsuits in other courts. Under that standard, Loyalty Conversion must establish each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

### 1. Loyalty Conversion does not have a likelihood of success on the merits.

Loyalty Conversion argues that it has a substantial likelihood of success on the merits for three reasons. First, it contends Southwest's defamation claim fails because it is based, in part, on Loyalty Conversion's pleadings filed in this lawsuit. Second, it contends the Court has jurisdiction over unfair-competition claims under 28 U.S.C. § 1338(b). And third, it cites Federal

---

[5]    If, however, the Court were to determine that some form of pre-filing injunction were appropriate, such an injunction should be limited to filings in federal district courts; it should not, for example, bar Defendants from filing lawsuits in state court. *See Baum*, 513 F.3d at 193 ("[T]he district court abused its discretion in extending the pre-filing injunction to filings in state courts, state agencies, and this Court."); *Sievering*, 469 F.3d at 1344 ("[I]t is not appropriate for a federal district court to restrict access to the state courts.").

Rule of Civil Procedure 13, though without explaining how the rule supports its position. Loyalty Conversion's arguments are all baseless.

As to the first, while it is true that litigants generally have a First Amendment right to petition with immunity under the *Noerr-Pennington* doctrine, it is not an absolute right. As the Supreme Court held in *McDonald v. Smith*: "The Petition Clause does not require the State to expand this privilege into an absolute one. The right to petition is guaranteed; the right to commit libel with immunity is not." 472 U.S. 479, 485 (1985). In fact, courts consistently hold that litigants are not free from liability based on groundless claims simply because they were made in the context of a lawsuit. *See, e.g.*, *Pogo Producing Co. v. Moore*, No. H-06-2432, 2007 WL 1144613, at *5 (S.D. Tex. Apr. 17, 2007) ("The Court is mindful of Moore's First Amendment right to petition the government, but groundless complaints are not within the scope of First Amendment protection.") (citing *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983)); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 704 (Tex. App. El Paso 2011, no pet.) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (citing same).

The allegations set forth in Southwest's draft state-court petition state a legitimate, established, and well-founded cause of action that, if proven at trial, would subject Loyalty Conversion to liability for the baseless and defamatory infringement claims filed against Southwest in this case.[6] Loyalty Conversion contends it will likely defeat Southwest's claims because "this case is not 'objectively baseless,' and the litigation is neither a sham nor an attempt

---

[6]    The draft petition is attached as Exhibit B to Loyalty Conversion's Motion.

to enforce patents obtained by fraud."[7] But simply making such a conclusory statement does not make it so. Loyalty Conversion offers no explanation or analysis to justify a finding that Southwest's defamation claim is frivolous.[8]

Next, Loyalty Conversion contends that it has a substantial likelihood of success on the merits because, under 28 U.S.C. § 1338(b), "this Court is empowered to exercise jurisdiction over unfair competition claims relating to Loyalty Conversion's allegations of patent infringement."[9] Section 1338(b) is irrelevant for at least three reasons. First, it applies to state-law claims asserted by plaintiffs, not to a defendant's potential counterclaims.[10] Second, that a federal court would have jurisdiction over a patentee-plaintiff's unfair-competition claims does not mean such claims must be brought in federal court. And third, Southwest's defamation claim is not an unfair-competition claim.

Finally, Loyalty Conversion notes: "Rule 13 of the Federal Rules of Civil Procedure mandate[s] that compulsory counterclaims be joined in the original action."[11] Although this is a correct statement of the law, Loyalty Conversion makes no effort to explain how it applies here. In fact, it does not. At least it does not apply to Southwest's defamation claim. Loyalty Conversion's claims against Southwest arise out of transactions and occurrences related to Southwest's loyalty program, whereas Southwest's defamation claim arises out Loyalty

---

[7]   Mot. at 5.

[8]   *See* Mot. at 4.

[9]   Mot. at 5.

[10]   The statute states: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws." 28 U.S.C. § 1338(b) (emphasis added).

[11]   Mot. at 5.

Conversion's knowingly false, baseless, and defamatory statements that Southwest infringes. Because the claims do not arise out of the same transactions and occurrences, Southwest's cause of action is not a compulsory counterclaim.

In sum, Loyalty Conversion failed to show that it has a substantial likelihood of success on the merits.

**2.   Loyalty Conversion will not suffer an irreparable injury if an injunction is not issued.**

Even assuming for the sake of argument that one of the Defendants were to file a baseless suit against Loyalty Conversion in another court, the injury to Loyalty Conversion would not be irreparable. On the contrary, Loyalty Conversion would be entitled to recover legal expenses and attorneys' fees incurred in defending such an action, so its injury would be fully cured by monetary remedies. Accordingly, Loyalty Conversion has not shown that a preliminary injunction is necessary to prevent irreparable injury. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies."); *see also Bianco v. Globus Med., Inc.*, No. 2:12-cv-147, 2014 WL 1049067, at *2 (E.D. Tex. Mar. 17, 2014).[12]

**3.   An injunction would harm Defendants more than allowing them to file suit in other courts would harm Loyalty Conversion.**

With respect to the third factor—the balance of the hardships—as this Court held in

---

[12]   The cases cited by Loyalty Conversion on this issue are easily distinguished as they simply hold that staying litigation during reexamination proceedings would prejudice the patentee. They have nothing to do with the issue presented in this case—i.e., whether a patentee would be irreparably injured by allowing defendants to file claims against it in other forums. *See Ambato Media, LLC v. Clarion Co.*, No. 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Volstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:12-cv-82, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013).

*ActiveVideo Networks*: a "determination that monetary relief is adequate to compensate [a plaintiff] for any future injury [it] is likely to suffer largely decides that issue, as it indicates that denial of an injunction would not work any undue hardship on [the plaintiff] with respect to [its] entitlement to meaningful and complete relief on [its] claim." *Bianco*, 2014 WL 1049067, at *9 (citing *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1341 (Fed. Cir. 2012); *XpertUniverse v. Cisco Sys., Inc.*, No. 9-157, 2013 WL 6118447, at * 13 (D. Del. Nov. 20, 2013); *Soverain Software LLC v. Newegg Inc.*, 836 F.Supp.2d 462, 482 (E.D. Tex. 2010)).

On the other hand, barring a party from asserting claims in the forum of its choosing would cause substantial injury. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (noting that the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 830 (5th Cir. 1986) ("The plaintiff's choice of forum is entitled to great weight in the balancing of factors [in a *forum non-conveniens* inquiry], and unless the balance strongly favors the defendants, the plaintiff's choice of forum should not be overturned.").[13]

The balance of hardships weighs against granting an injunction.

**4.  An injunction is not in the public interest.**

It is, of course, "in the public interest to protect constitutional rights." *Voting for Am. Inc. v. Andrade*, 488 Fed. Appx. 890, 925 (5th Cir. 2012) (unpublished). Thus, "[w]here there is no threat to public safety or security, courts considering requests for preliminary injunctions have

---

[13]   Here again, the case cited by Loyalty Conversion is inapposite. In *Welsh*, the court unremarkably held that allowing the defendant to publicize the plaintiff's trade secrets would harm the plaintiff. *Welsh v. Rockmaster Equip. Mfg. Inc.*, 4 F. Supp. 2d 659, 667–68 (E.D. Tex. 1998). *Welsh* says nothing about the harm caused by prohibiting a party from filing suits in another forum.

consistently recognized the significant public interest in upholding the principles embodied in the First Amendment." *Smith v. Matthews*, No. G-09-152, 2010 WL 519781, at *3 (S.D. Tex. Jan. 20, 2010) (citing *Homans v. Albuquerque*, 264 F.3d 1240, 1244 (10th Cir. 2001) ("[T]he public interest is better served by following binding Supreme Court precedent and protecting the core First Amendment right of political expression."); *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1984) ("It is always in the public interest to prevent the violation of a party's constitutional rights."); *Cate v. Oldham*, 707 F.2d 1176, 1190 (11th Cir.1983) (recognizing the "[s]trong public interests in protecting First Amendment values")).

As there is no threat to public safety or security in permitting Defendants to pursue claims in other courts, the public interest strongly disfavors imposing an injunction that bars the First Amendment right to petition. *Id.* Loyalty Conversion's unsupported contention that granting an injunction against filing suit in other courts would preserve court resources cannot justify denying Defendants that right.[14]

Loyalty Conversion therefore failed to show that any, much less all, of the four necessary elements of the traditional preliminary-injunction inquiry weigh in its favor.

## CONCLUSION

Loyalty Conversion failed to show why—under any standard—it is entitled to the extraordinary relief it seeks—i.e., an order barring Defendants from filing claims in other courts.

THEREFORE, Defendants respectfully request that the Court deny Loyalty Conversion's Motion for Preliminary Injunction in its entirety. Defendants also request any further relief to which they may be entitled.

---

[14]   Loyalty Conversion again relies solely on *Welsh*, the trade-secret case, which does not treat public-policy issues related to a ban on filing suit in other courts.

Dated: June 30, 2014                    Respectfully submitted,

                                        */s/ Max Ciccarelli*
                                        Max Ciccarelli
                                          State Bar No. 00787242
                                          Max.Ciccarelli@tklaw.com
                                        Daniel Murray
                                          State Bar No. 24086422
                                          Daniel.Murray@tklaw.com

                                        THOMPSON & KNIGHT LLP
                                        One Arts Plaza
                                        1722 Routh St., Suite 1500
                                        Dallas, Texas 75201
                                        214.969.1700
                                        214.969.1751 (Fax)

                                        **ATTORNEYS FOR DEFENDANT
                                        SOUTHWEST AIRLINES CO.**


                                        */s/ Colin O. Miwa*
                                        Colin O. Miwa
                                          Hawaii Bar No. 0-2997
                                          cmiwa@cades.com
                                        Martin E. Hsia
                                          Hawaii Bar No. 0-2954
                                          mhsia@cades.com
                                        CADES SCHUTTE
                                        A LIMITED LIABILITY LAW PARTNERSHIP LLP
                                        1000 Bishop Street, Suite 1200
                                        Honolulu, HI  96813
                                        Telephone: (808) 521-9200
                                        Facsimile: (808) 540-5011


                                        Trey Yarbrough
                                          Bar No. 24012752
                                          trey@yw-lawfirm.com
                                        YARBROUGH & WILCOX, PLLC
                                        100 E. Ferguson St., Ste. 1015
                                        Tyler, TX  75702
                                        Telephone:  (903) 595-3111
                                        Fax: (903) 595-0191

                                        **ATTORNEYS FOR DEFENDANT
                                        HAWAIIAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served electronically on all counsel of record on

June 30, 2014.

*/s/ Max Ciccarelli*
Max Ciccarelli
