IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-cv-00655 (LEAD CASE) |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-cv-00662 |

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S
<u>RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendant JetBlue Airways Corporation ("JetBlue") files this Response to Loyalty Conversion System Corporation's ("LCS") Motion for Preliminary Injunction (D.I. 91). To the extent LCS seeks to enjoin JetBlue from pursuing future claims in other courts, LCS's Motion should be denied for the reasons set forth in Defendants Hawaiian Airlines and Southwest Airlines Co.'s Response to Motion for Preliminary Injunction. The sole basis for LCS's Motion appears to be a letter sent from co-Defendant, Southwest Airlines ("Southwest"). Southwest's letter does not provide any justification for enjoining Southwest – or any other Defendant, including JetBlue. Moreover, LCS has failed to articulate any threatened injury that it will suffer in the absence of an injunction against JetBlue. And JetBlue has *never* threatened to pursue unfair competition claims against LCS in other courts.

Further, JetBlue assumes LCS is not seeking to enjoin JetBlue from further pursuit of currently pending litigation in the United States District Court for the Southern District of New York (the "New York Litigation") because: (1) LCS did not meet and confer with JetBlue regarding any such relief[1]; and (2) LCS has not offered any argument, evidence or authority for the proposition that JetBlue should be enjoined from pursuing the New York Litigation.[2]

## CONCLUSION AND PRAYER

For the reasons set forth above and in Defendants Hawaiian Airlines and Southwest Airlines Co.'s Response to Motion for Preliminary Injunction, Plaintiff Loyalty Conversion System Corporation's Motion for Preliminary Injunction should be denied.

---

[1] "An unreasonable failure to meet and confer violates Local Rule AT–3 and is grounds for disciplinary action." *Sipco, LLC v. Amazon.com, Inc.*, 2:08-CV-359-JRG, 2013 WL 5372335, *4 (E.D. Tex. Sept. 25, 2013) (Gilstrap, J.) (quoting Local Civil Rule 7(h)). Unlike the movant in *Sipco*, LCS did not even include a certificate of conference with its Motion, and it made no attempt to confer. For this reason alone, denial of LCS's Motion would be warranted. *See Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, CIV.A. 6:08CV286, 2009 WL 3448148 (E.D. Tex. Oct. 22, 2009) (Davis, C.J.) (denying motion for failure to comply with Local Rule 7(h)).

[2] Despite passing references to the New York Litigation in its Motion.

DATED: June 30, 2014          Respectfully submitted,

**KLEMCHUK KUBASTA LLP**

*/s/ Casey L. Griffith*
Casey L. Griffith
Texas Bar No. 24036687
Casey.Griffith@kk-llp.com

Austin S. Champion
Texas Bar No. 24065030
Austin.Champion@kk-llp.com

8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**COUNSEL FOR DEFENDANT
JETBLUE AIRWAYS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with LR 5.1(d).  As such, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Casey Griffith*
Casey Griffith