IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LOYALTY CONVERSION SYSTEMS
CORPORATION
    Plaintiff,

    v.

AMERICAN AIRLINES, INC., *et al.*,
    Defendants.

Case No. 2:13-CV-655
(LEAD CASE)

**PLAINTIFF LOYALTY CONVERSION SYSTEMS CORPORATION'S
REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION[1]**

---

[1] Despite Plaintiff filing a single Motion, Defendants collectively filed four responses to Plaintiff's Motion. *See* Dkt. Nos. 92, 93, 94, 95.  Defendants Southwest and Hawaiian filed a joint Response to Plaintiff's Motion [Dkt. 92] (the "Hawaiian/Southwest Br." or "Hawaiian/Southwest Response").  In the separate Response filed by Defendants American Airlines, Delta, Frontier, United, and US Airways, those Defendants seemingly incorporate by reference the Hawaiian/Southwest Response rather than including any detailed legal arguments specific to American Airlines, Delta, Frontier, United, and US Airways in their Response [*see* Dkt. 93].  In the separate Response filed by Defendant Spirit, Spirit seemingly incorporates by reference the Hawaiian/Southwest Response rather than including any detailed legal arguments specific to Spirit in its Response [*see* Dkt. 94].  In the separate Response filed by Defendant JetBlue, JetBlue seemingly incorporates by reference the Hawaiian/Southwest Response rather than including any detailed legal arguments specific to JetBlue in its Response [*see* Dkt. 95].  Accordingly, Plaintiff addresses Defendants Hawaiian and Southwest's arguments as if made by all Defendants.

Plaintiff Loyalty Conversion Systems Corporation ("Loyalty Conversion" or "Plaintiff") files this Reply in support of its Motion to preliminarily enjoin Defendants[2] from filing related actions in other courts [Dkt. 91] ("Motion"), and in support thereof states as follows:

## I.     INTRODUCTION

Defendants mischaracterize or misunderstand Plaintiff's request. Contrary to Defendants' assertions, Plaintiff does not seek "an injunction that bars [Defendants'] First Amendment right to petition." Hawaiian/Southwest Br., 10. Rather, Plaintiff seeks an injunction requiring related claims be brought as counterclaims in this litigation and filed with this Court.

Because Plaintiff does not seek to preclude filing—but instead seeks an instruction that Defendants file related claims in this Court—the general standard regarding preliminary injunction should be applied. Defendants cite to only one case in support of their argument that the "pre-filing" standard be applied to this Motion. *See* Hawaiian/Southwest Br., 2 (citing *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008)). However, *Baum* is distinguishable from the case currently before this Court. In *Baum*, the district court *sua sponte* enjoined Baum from filing (directly or indirectly) any claims within the state of Texas without written permission from the district court judge. *Baum*, 513 F.3d at 186. This modification to the previous injunction order was not limited to claims related to the cases currently and/or previously before the court. *Id.* In the instant Motion, Plaintiff seeks an injunction requiring Defendants file related claims in this Court pursuant to, at least, FED. R. CIV. P. 13 and 28 U.S.C. 1338(b). Therefore, the traditional preliminary injunction standard should apply.

However, as explained in greater detail *infra*, even assuming this pre-filing standard applies to the request currently before this Court, Plaintiff's Motion must be granted.

---

[2] Defendants Southwest Airlines, Co. ("Southwest"), JetBlue Airways Corporation ("JetBlue"), Delta Air Lines, Inc. ("Delta"), Frontier Airlines, Inc. ("Frontier"), United Airlines, Inc. ("United"), US Airways, Inc. ("US Airways"), American Airlines, Inc. ("American"), Hawaiian Airlines, Inc. ("Hawaiian") and Spirit Airlines, Inc. ("Spirit") (collectively "Defendants").

1

## II.     ARGUMENT

### A.     The "Pre-Filing" Standard Factors Weigh in Favor of Injunction

Defendants Southwest and JetBlue have both either filed or threatened harassing and frivolous lawsuits in an attempt to persuade Plaintiff to voluntarily dismiss the respective lawsuits currently pending in this Court. In the complaint filed by JetBlue in the Southern District of New York, JetBlue alleges Loyalty Conversion Systems Corporation, CTI, CTI's parent, CopyTele, Inc. and John Roop, individually, breached JetBlue's terms and conditions by accessing JetBlue's website to obtain evidence in support of its claims currently before this Court. *See* Dkt. 91-3. The precise theory JetBlue now advances in New York has been tried and rejected by the same counsel before. *See TrueBeginnings, LLC v. Spark Network Services, Inc.,* 631 F. Supp. 2d 849, 856 (N.D. Tex. 2009) (concluding that "[b]ecause [Spark's attorneys] used the True.com website for the sole purpose of investigating whether [TrueBeginnings] infringed the . . . patent, its conduct is outside the scope of the Terms of Use."). Undeterred, the same lawyer has adopted the same frivolous and vexatious tact by filing a similar lawsuit in the Southern District of New York.

Similarly, Defendant Southwest has threatened to file suit against Plaintiff for defamation, accusing Plaintiff and its parent company CopyTele, Inc. of filing a frivolous, vexatious lawsuit. The allegations contained in Southwest's draft complaint [*see* Dkt. 91-2] are both baseless and false. For example, the draft complaint alleges the following:

> On June 10, 2014, a hearing took place in front of U.S. Circuit Judge William C. Bryson on the motion to dismiss. Judge Bryson agreed with Southwest and its codefendants, found that the Asserted Patents were invalid for failure to meet the requirements of patent eligible subject matter, and dismissed Loyalty Conversions claims with prejudice.

*Id.* at ¶12. As this Court is aware, Judge Bryson neither agreed with Defendants, found the Asserted Patents were invalid for failure to meet the requirements of patent eligible subject matter, nor dismissed Loyalty Conversions claims with prejudice at the June 10 hearing. Nor has this Court made such a determination as of the date of this Reply. Further, Southwest alleges "Loyalty Conversion knew or

should have known the Asserted Patents were invalid when it brought the action against Southwest." *Id.* at ¶13. Southwest has no basis to allege that Plaintiff knew or should have known that the Asserted Patents were invalid. Such a determination of invalidity has not been made by any court or the USPTO. As such, Defendants have no good faith basis for pursuing the litigation that Defendants, collectively, have filed or threatened to file; these lawsuits are simply intended to harass Plaintiff.

Based on these two vexatious lawsuits, it seems clear that Defendants—by means of their Joint Defense Group—are collectively working together to multiply the number of related lawsuits filed throughout the country in both state and federal courts, and to circumvent the objective of the federal rules to avoid piecemeal litigation. Defendants' behavior evidences more than "an unfounded fear on the part of [Plaintiff]." Hawaiian/Southwest Br. at 1 (quoting *U.S. v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001)) (internal quotations omitted). Frivolous lawsuits have been both threatened and filed. Therefore, this "preliminary injunction will not be issued simply to prevent the possibility of some remote future injury," but to prevent a vexatious litigation strategy conjured by Defendants to pressure Plaintiff into settlement. *Id.* (internal quotations omitted).

The courts and Plaintiff are burdened (or will be burdened) by the frivolous lawsuits filed and/or threatened by Defendants. Defendants' attempts to multiply satellite litigations with claims relevant to this lawsuit must be halted. No other sanctions are adequate. Without an injunction, Defendants will continue to waste the time and resources of both the judiciary and Plaintiff.

**B.** <u>Plaintiff Is Entitled to Relief Pursuant to the Traditional Preliminary Injunction Standard</u>

Defendants argue that Southwest's libel suit "states a legitimate, established, and well-founded cause of action" that is not frivolous, despite the fact that the threatened lawsuit is based solely on allegations contained in Plaintiff's complaint against Southwest. *See* Hawaiian/Southwest Br., 6. Rather than file Rule 11 sanctions, or move to dismiss, Defendant Southwest—in an attempt to persuade Plaintiff to voluntarily dismiss the case—threatened a frivolous suit in state court.

3

Defendants argue this libel lawsuit is permissible because the First Amendment right to petition with immunity under the *Noerr-Pennington* doctrine is not an absolute right. *See id.* In support of this argument, Defendants cite to several distinguishable cases. For example, in *McDonald v. Smith*, the defendant-petitioner wrote letters to President Reagan that allegedly contained false and slanderous statements—in an effort to thwart plaintiff-respondents' application for federal employment. 472 U.S. 479, 482 (1985). The lawsuit threatened by Southwest contains no allegations of statements made to federal officials, and instead involves allegations contained in a standard patent infringement lawsuit. The other two cases cited by Defendant in support of this argument involve vexatious litigants. *See Pogo Producing Co. v. Moore*, No. H-06-2432, 2007 WL 1144613, at *2, *5 (S.D. Tex. Apr. 17, 2007) (noting that defendant's six complaints—all related to claims which arose in 1927 and filed over 70 years after the expiration of the statute of limitations—were frivolous on their merits); *Retzlaff v. GoAmerica Comm'ncs Corp.*, 356 S.W.3d 689, 705 (Tex. App. El Paso 2011, no pet.) (refusing to cast doubt on trial court's conclusion that Retzlaff, who filed 26 frivolous lawsuits, was a vexatious litigant). Unlike the parties in *Pogo* and *Retzlaff*, Plaintiff's standard lawsuit for patent infringement does not rise to the level of vexatious litigant. Therefore, Plaintiff's First Amendment right to petition with immunity under the *Noerr-Pennington* doctrine should remain intact.

Defendants further argue that the Court should be precluded from enjoining the filing of state court actions. Interestingly, in Defendants' own cases, the court permitted injunctions that prohibited the filing of lawsuits in both federal and state courts. *See, e.g.*, *Id.*; *Pogo*, 2007 WL 1144613, at *5.

Furthermore, Defendants assert without citation to any case that 28 U.S.C. §1338(b) does not extend beyond claims raised by the plaintiff bearing the name "unfair competition." Regardless of whether such jurisdiction lies under this provision or 28 U.S.C. §1367, pertaining to supplemental jurisdiction, Defendants do not contest that jurisdiction lies in this Court for counterclaims arising from the same transaction or occurrence. This Circuit has broadly construed the "same transaction or

4

occurrence" to encompass claims arising out of the same "common nucleus of operative facts." *See, e.g.*, *Hamilton v. Burlington N. Santa Fe Ry. Co.*, A-08-CA-129-SS, 2008 WL 8148619 (W.D. Tex. Aug. 8, 2008) (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 539-40; *Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 589 (5th Cir.2006)). Moreover, courts have read both provisions broadly to avoid the precise problem raised by Defendants' behavior: the inefficiency to the court system and parties of piecemeal litigation.[3]

Plaintiff therefore requests this Court enjoin Defendants from pursuing related litigation, specifically compulsory counterclaims, in other courts. As this Court is aware, counterclaims are compulsory pursuant to FED. R. CIV. P. 13(a) when they arise out of the same transaction as the plaintiff's claim. The litigation threatened by Southwest, for example, should be brought as a counterclaim because the allegations of defamation arise out of the same nucleus of common facts.

Plaintiff will suffer irreparable injury absent the requested injunction. If Defendants are permitted to file frivolous lawsuits in courts unfamiliar with the underlying litigation, Plaintiff will be forced to litigate claims that should have been heard by this Court. Failure to enjoin will lead to rampant satellite litigation filed by Defendants. This threatened injury far outweighs any damage that the injunction may cause Defendants. Contrary to Defendants' argument, the requested injunction will not bar Defendants from raising claims; it will merely require that such claims be filed in this Court. Therefore, this injunction would not be adverse to public interest; rather, it is in the best interest of the public that such frivolous satellite litigation be prohibited.

## III.  CONCLUSION

For the reasons set forth above and in Plaintiff's Motion, Plaintiff respectfully requests that the Motion for Preliminary Injunction be granted.

---

[3] *See, e.g.*, *Peterson Sys., Inc. v. Morgan*, 224 F.Supp. 957, 959 (W.D. Penn. 1963) ("[T]he purpose of §1338(b) was to avoid 'piecemeal' litigation to enforce common law and statutory copyright, patent, and trademark rights by specifically permitting such enforcement in single civil action."); *Travel Magazine, Inc. v. Travel Digest, Inc.,* 191 F.Supp. 830, (S.D.N.Y. 1961); *Rite-Hite Corp. v. Kelley Co., Inc.*, 99 F.R.D. 332 (E.D. Wis. 1983) ("§1338(b) was enacted to permit common law and statutory rights to be vindicated in a single proceeding, thereby avoiding piecemeal litigation in a complex area of law.").

Dated: July 17, 2014                                Respectfully submitted,


                                                    /s/  Andrew G.  DiNovo
                                                    Andrew G.  DiNovo
                                                    Texas State Bar No. 00790594
                                                    Jay D. Ellwanger
                                                    Texas State Bar No. 24036522
                                                    Adam G. Price
                                                    Texas State Bar No. 24027750
                                                    Stefanie T. Scott
                                                    Texas State Bar No. 24061617
                                                    **DiNovo Price Ellwanger & Hardy LLP**
                                                    7000 N.  MoPac Expressway, Suite 350
                                                    Austin, Texas  78731
                                                    Telephone:  (512) 539-2626
                                                    Telecopier:  (512) 539-2627


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 17th day of July, 2014, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                                     */s/ Andrew G. DiNovo*
                                                    Andrew G. DiNovo