# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION, | § § § § | |
| Plaintiff, | § § | Case No. 2:13-CV-655 |
| v. | § § | (LEAD CASE) |
| AMERICAN AIRLINES, INC., et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' Motion to Stay Proceedings (Dkt. No. 63). The defendants seek the stay pending "covered business method" ("CBM") review by the Patent Trial and Appeal Board ("PTAB") as to the validity of the two patents in suit in this case. The Court will postpone ruling on the motion until the PTAB decides whether to grant or deny the defendants' petition for review.

The question whether to stay proceedings pending CBM review by the PTAB is a matter committed to the district court's discretion. See Virtual Agility, Inc. v. Salesforce.com, Inc., 2014 WL 3360806, at *7 (Fed. Cir. July 8, 2014). The most important—indeed, the dispositive—factor bearing on the Court's exercise of its discretion in this case is that the PTAB has not yet acted on the defendants' petition for CBM review. In a recent decision, the Federal Circuit directly addressed the question whether a district court could deny a stay request when the PTAB had not yet ruled on the petition for CBM review. The Federal Circuit said that it

would not be error for the district court in that setting either to deny the motion for a stay or to postpone ruling on the motion until the PTO has acted on the petition. The court wrote:

> We hold that the timing factor heavily favors a stay. We note at the outset that it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion. Indeed, while some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, see, e.g., Intertainer, Inc. v. Hulu, LLC, No. 13-cv-5499, 2014 WL 466034, at *1 (C.D. Cal. Jan. 24, 2014), others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review, see, e.g., Checkfree Corp. v. Metavante Corp., No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014). We express no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.

Virtual Agility, Inc. v. Salesforce.com, Inc., 2014 WL 3360806, at *7 (Fed. Cir. July 8, 2014).

Since the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending either CBM review, see AIA § 18, or post-grant review, see 35 U.S.C. §§ 321-29. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review. See, e.g., CTP Innovations, LLC v. V.G. Reed & Sons, Inc., No. 3:14-cv-364 (W.D. Ky. July 17, 2014); Smartflash LLC v. Apple Inc., 6:13-cv-447, Dkt. No. 175, at 5-7 (E.D. Tex. July 8, 2014); Segin Sys., Inc. v. Stewart Title Guar. Co., 2014 WL 1315968, at *3-4 (E.D. Va. Mar. 31, 2014); Rensselaer Polytechnic v. Apple Inc., 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014); Ultratec, Inc. v. Sorenson Commc'ns, Inc., 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013); Dane Tech., Inc. v. Gatekeeper Sys., Inc., 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013);

Blue Calypso, Inc. v. Groupon, Inc., No. 6:12-cv-486, Dkt. No. 86 (E.D. Tex. July 19, 2013); Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc., 2013 WL 3296230, at *2 (D. Del. June 28, 2013); Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc., 2013 WL 6097571, at *2 (W.D. Tex. June 10, 2013); Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013); see also Tric Tools, Inc. v. TT Techs., Inc., 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012); Horton, Inc. v. Kit Masters, Inc., 2009 WL 1606472, at *1 (D. Minn. June 5, 2009); Tex. MP3 Techs., Ltd. v. Samsung Elecs. Co., 2007 WL 3219372, at *2 & n.2 (E.D. Tex. Oct. 30, 2007); Return Mail, Inc. v. United States, No. 1:11-cv-130 (Fed. Cl. July 18, 2014). The Court believes that is the proper course to follow in this case.

District courts are directed by statute to consider four factors when determining whether to exercise their discretion to grant a stay pending CBM review of a patent in suit: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1). Applying those factors to this case prior to any action by the PTAB on the defendants' petition for CBM review supports the Court's decision to deny the motion for a stay at this time.

First, a stay could simplify the issues in this case and streamline the trial—or even obviate the need for a trial—but only if the PTAB grants the petition for CBM review. Because it is speculative whether the PTAB will grant the petition, that factor does not cut in favor of a stay.

Second, while some pretrial proceedings have occurred, and while a trial date has been set, the bulk of the discovery proceedings have not yet occurred. Nonetheless, the case has been pending for almost a year, infringement contentions and invalidity contentions have been exchanged, and dispositive motions have been filed. The trial date is approximately eight months off. This factor cuts slightly in favor of issuing a stay.

Third, the Court is not persuaded that either side would be significantly prejudiced or would obtain a clear tactical advantage from a stay. This factor is neutral.

Finally, as to whether the grant or denial of a stay would burden the parties or the court, a stay would save the parties the burden and expense of discovery proceedings if the PTAB should grant the petition for CBM review and hold the asserted claims invalid. Even if the PTAB rejected the defendants' invalidity challenges, the scope of discovery would likely be reduced because of the estoppel effect of the PTAB's decision on the litigation in this court. See AIA § 18(a). Again, however, because it is speculative whether the petition will be granted, it is unclear at this point whether staying discovery proceedings will likely avoid the need for such proceedings in the future. What is clear is that issuing a stay would disrupt the proceedings leading to trial. Even if the petition is not granted, granting a stay at this juncture would almost certainly require the currently scheduled dates for all pretrial and trial proceedings to be reset. This factor cuts slightly against granting a stay.

While the factors that Congress has directed the Court to consider do not cut strongly in one direction or the other, the most salient point is that the uncertainty as to whether the PTAB will grant the petition for CBM review makes the task of weighing those factors highly speculative. Moreover, because the time for the PTAB to act on the petition is drawing near,

4

postponing ruling on the stay motion will not lead to an undue burden on the parties in the short period before that decision is made. Accordingly, the Court concludes that the best course at this point is to defer ruling on the motion to stay until the PTAB has made its decision whether to grant the petition for CBM review. The parties are directed to advise the Court promptly when the PTAB issues its decision on the petition.

IT IS SO ORDERED.

SIGNED this 29th day of July, 2014.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE