**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>     Defendant. | CIVIL ACTION NO. 2:13-cv-00655 (LEAD CASE) |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>     Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>     Defendant. | CIVIL ACTION NO. 2:13-cv-00662 |

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S SUPPLEMENTAL BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

INTRODUCTION ....................................................................................................................... 1

BACKGROUND ......................................................................................................................... 2

ARGUMENT .............................................................................................................................. 2

I.   JETBLUE'S NEW YORK CLAIMS WOULD NOT BE COMPULSORY
     COUNTERCLAIMS IN THIS CASE. ...................................................................... 2

     A.   JetBlue's New York Claims would not be compulsory counterclaims in this action
          because the forum-selection clause LCS agreed to renders this suit improper. ........ 2

     B.   JetBlue's claims against the New York Defendants would not be compulsory
          counterclaims because this Court lacks personal jurisdiction over Roop, CTI, and
          CopyTele. ................................................................................................................ 5

     C.   Even assuming JetBlue's New York Claims would be compulsory counterclaims,
          they would only be compulsory as to LCS—the "opposing party." .......................... 7

II.  EVEN IF JETBLUE'S NEW YORK CLAIMS WOULD BE COMPULSORY
     COUNTERCLAIMS IN THIS ACTION, IT WOULD NOT BE APPROPRIATE TO
     ENJOIN JETBLUE FROM PROSECUTING THEM IN NEW YORK. ........................... 9

     A.   Assuming, *arguendo*, JetBlue's New York Claims would be compulsory
          counterclaims in this action, JetBlue's should not be enjoined from prosecuting
          them because LCS failed to meet its burden of establishing it is entitled to
          injunctive relief. ...................................................................................................... 9

     B.   Assuming, *arguendo*, JetBlue's New York Claims would be compulsory
          counterclaims in this action, this Court cannot enjoin JetBlue from prosecuting its
          New York Claims against non-parties to this suit. ................................................... 9

     C.   Assuming, *arguendo*, JetBlue's New York Claims would be compulsory
          counterclaims in this action, it would be inappropriate for this Court to enjoin
          JetBlue from prosecuting its claims in the New York Lawsuit because LCS failed to
          meet and confer. ..................................................................................................... 10

III. JETBLUE'S NEW YORK CLAIMS RAISE A SIGNIFICANT FEDERAL ISSUE,
     WHICH CONFERS SUBJECT MATTER JURISDICTION IN THE NEW YORK
     LAWSUIT. ............................................................................................................... 11

CONCLUSION .......................................................................................................................... 14

# INTRODUCTION

Pursuant to the Court's July 29, 2014 Order, JetBlue submits this Supplemental Brief in Opposition to Plaintiff's Motion for Preliminary Injunction.

JetBlue's claims against John Roop ("Roop"), CopyTele Inc. ("CTI"), CTI Patent Acquisition Corp. ("CTIPAC"), and Loyalty Conversion Systems ("LCS") currently pending in the Southern District of New York (the "New York Claims") would not be compulsory counterclaims in this suit because: (a) LCS filed this suit in violation of a mandatory forum-selection clause contained in an agreement between the parties; (b) LCS agreed to adjudicate its claims against JetBlue in New York; and (c) this Court does not have personal jurisdiction over necessary parties to JetBlue's New York Claims.   And even assuming JetBlue's New York Claims would be compulsory counterclaims in this suit, they would only be compulsory as to LCS—the "opposing party."

Even assuming JetBlue's New York Claims would be compulsory counterclaims in this suit, the Court should not enjoin JetBlue from prosecuting the suit filed in the Southern District of New York, Cause No. 1:14-cv-01782-GBD, styled *JetBlue Airways Corp. v. John Roop, CopyTele Inc., CTI Patent Acquisition Corp., and Loyalty Conversion Systems Corp.* (the "New York Lawsuit") because: (a) LCS failed to meet and confer on its Motion; (b) LCS's Motion fails to offer any argument, evidence, or authority this Court can and should enjoin JetBlue from pursuing its New York Lawsuit; (c) LCS has failed to articulate any threatened injury it will suffer in the absence of an injunction against JetBlue from prosecuting its New York Claims and any claim of irreparable harm resulting from the incremental challenge of also litigating the New York Lawsuit would be the consequence of LCS electing to sue JetBlue in the Eastern District of Texas—a forum which it bargained away by agreeing to the forum-selection clause; and (d) the Court could only enjoin JetBlue from prosecuting its claims against LCS in the New York

Lawsuit, which would not further the policy underlying Rule 13.

Finally, under the *Grable* test, the Southern District of New York has subject matter jurisdiction over JetBlue's New York Claims because they raise a significant federal issue.

## BACKGROUND

On June 13, 2014, LCS filed a Motion for Preliminary Injunction seeking to enjoin all Defendants from "filing related actions in other courts."[1]  The basis for LCS's Motion seems to stem from a letter sent from Defendant Southwest Airlines indicating it is prepared to file state-law claims against LCS after this suit is dismissed.  Although unclear, for purposes of this briefing only, JetBlue presumes LCS seeks an order enjoining JetBlue from continued prosecution of its New York Claims.  Following JetBlue's Response to LCS's Motion for Preliminary Injunction[2] and LCS's Reply in Support of its Motion[3], the Court requested supplemental briefing from JetBlue and LCS on three separate issues, each discussed below.

## ARGUMENT

I.   **JETBLUE'S NEW YORK CLAIMS WOULD NOT BE COMPULSORY COUNTERCLAIMS IN THIS CASE.**

    A.   **JetBlue's New York Claims would not be compulsory counterclaims in this action because the forum-selection clause LCS agreed to renders this suit improper.**

As outlined in JetBlue's Complaint and Motion for Preliminary Injunction filed in the New York Lawsuit,[4] LCS is bound by a forum-selection clause, which required this suit to be filed in the state or federal courts of New York County, New York.[5]   LCS violated this

---

[1] Dkt. #91 at 1.
[2] Dkt. #95.
[3] Dkt. #106.
[4] *See* Exhibit A, a true and correct copy of Plaintiff's Original Complaint filed in the U.S. District Court for the Southern District of New York, Cause No. 1:14-cv-01782-GBD, and fully incorporated herein by reference; *see* Exhibit B, a true and correct copy of Plaintiff's Memorandum of Law in Support of Its Motion for Preliminary Injunction filed in the U.S. District Court for the Southern District of New York, Cause No. 1:14-cv-01782-GBD, and fully incorporated herein by reference.
[5] *See* Ex. A ¶ 16.

bargained-for provision by filing its claims in the Eastern District of Texas.[6]  And because LCS improperly filed suit in this forum, JetBlue's New York Claims would not be compulsory counterclaims in this action.[7]

The District of Kansas' opinion in *Sokkia Credit* is instructive.[8]  In *Sokkia Credit*, Bush filed suit against Sokkia in Alabama.[9]  In response, Sokkia filed suit against Bush in Kansas as required by a forum-selection clause contained in a lease agreement between the parties.[10]  Bush then filed a motion to dismiss the second-filed Kansas case arguing, among other things, the claims asserted by Sokkia were compulsory counterclaims in the first-filed Alabama action and thus should have been raised there.[11]  The district court disagreed and denied Bush's motion to dismiss.[12]  In doing so, the court held Sokkia was not required to assert its claims as compulsory counterclaims in the first-filed Alabama action because it brought in an improper forum.[13]  The same holds true here: JetBlue would not be required to assert its New York Claims in this Court since this action was brought in violation of the forum-selection clause agreed to by the parties. Notably, LCS filed a motion to dismiss in the New York Lawsuit just as Bush did in Kansas. Yet, LCS's motion to dismiss in the New York Lawsuit fails to raise the argument JetBlue's New York Claims are compulsory counterclaims in this suit; rather, LCS waited until after the hearing on its motion to dismiss in New York, then filed for injunctive relief in this action.  But

---

[6] *See* Ex. A ¶¶ 47-69.
[7] *See Innovative Display Techs., LLC v. Microsoft Corp.*, No. 2:13-cv-00783-JRG, 2014 WL 2757541, at *5 (E.D. Tex. June 17, 2014) (Gilstrap, J.) (party contractually obligated under forum-selection clause must file claims or counterclaims in forum agreed to, regardless of previously pending action in separate forum); *Publicis Commc'n v. True North Commc'ns, Inc.*, 132 F.3d 363, 366 (7th Cir. 1997) (party not required to file compulsory counterclaim in improper forum in violation of forum-selection clause to avoid having claim barred in proper forum); *Sokkia Credit Corp. v. Bush*, 147 F. Supp. 2d 1101, 1105 (D. Kan. 2001) (forum-selection clause rendered first-filed suit improper, and because it was improper, plaintiff's claims in second-filed suit in proper forum were not barred as compulsory counterclaims in first-filed action).
[8] *Sokkia Credit Corp. v. Bush*, 147 F. Supp. 2d at 1101.
[9] *Id.* at 1102.
[10] *Id.* at 1103.
[11] *Id.* at 1105.
[12] *Id.*
[13] *Id.*

JETBLUE'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION                                    **Page 3**

even LCS's Motion for Preliminary Injunction fails to raise the argument—much less establish—JetBlue's New York Claims would be compulsory counterclaims in this suit.[14]

Similarly, in *Publicis Communication*, the Seventh Circuit held the district court erred by failing to dismiss a compulsory counterclaim filed by the defendant in a second-filed action because the parties agreed, through a forum-selection clause, to litigate the suit in the first-filed forum.[15]   In *Publicis Communication*, two companies, Publicis and True North, entered into an agreement containing a forum-selection clause requiring claims arising out of a section of the agreement be filed in the state or federal courts of Delaware.[16]   The relationship soured, and True North sued Publicis in Delaware state court.[17]   Publicis then sued True North in the Northern District of Illinois.[18]   True North filed a counterclaim in the second-filed case and sought injunctive relief, which the court granted.   In granting injunctive relief, the court concluded the counterclaims were compulsory.[19]   Publicis appealed and requested the Seventh Circuit stay the injunction pending appeal.[20]

The Seventh Circuit began its analysis by noting the function of compulsory counterclaims: "[d]espite the impression one might get from the name of the doctrine, no one is 'compelled' to present a compulsory counterclaim.   Only a litigant that wants to avoid a later defense of preclusion need do so."[21]   In finding the lower court erred in considering the counterclaim, the Seventh Circuit stated:

> [Claim p]reclusion is an affirmative defense, and like other legal affairs is subject

---

[14]  *See* Dkt. #91 at 5-6.   The only passing reference to compulsory counterclaims not specifically directed to Southwest is LCS's statement "With respect to the remaining Defendants, any claims arising out of Loyalty Conversion's claims of patent infringement should be joined in this forum."  *Id.* at 6.
[15]  *Publicis Commc'n*, 132 F.3d at 363.
[16]  *Id.* at 365.
[17]  *Id.*
[18]  *Id.*
[19]  *Id.*
[20]  *Id.*
[21]  *Id.*

to contractual adjustment by the parties.  Just as one litigant may promise not to plead the statute of limitations, so it may promise not to plead the defense of claim preclusion. . . . By agreeing to litigate in Delaware . . . Publicis promised not to contend (in Delaware) that True North should have raised the claim somewhere else."[22]

The Seventh Circuit's logic applies equally here: LCS, by agreeing to venue and personal jurisdiction in New York, promised not to contend JetBlue should have raised its New York Claims in this forum.

Because LCS improperly brought its patent infringement claim in this District, and because LCS agreed to jurisdiction in New York, JetBlue would not be required to assert its New York Claims as compulsory counterclaims here.

**B.    JetBlue's claims against the New York Defendants would not be compulsory counterclaims because this Court lacks personal jurisdiction over Roop, CTI, and CopyTele.**

Rule 13(a)(1) states:

A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.[23]

It is important to note at the outset "Rule 13(a) only requires a compulsory counterclaim if the party who desires to assert a claim has served a ***pleading***."[24]  JetBlue filed a motion to dismiss—not a pleading.[25]   Therefore, at this time, there can be no counterclaim, compulsory or permissive.[26]

---

[22] *Id.* at 366; *see Water & Sand Int'l Cap., Ltd. v. Capacitive Deionization Tech. Sys., Inc.*, 563 F. Supp. 2d 278 (D.D.C. 2008) ("This Court cannot permit parties to evade the effects of enforceable forum selection clauses by rushing to their desired venue, filing suit, and then asking other courts to dismiss subsequently [filed] actions because those suits make allegations that are properly considered compulsory counterclaims.").

[23] FED. R. CIV. P. 13(a)(1).

[24] *U.S. v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1985) (emphasis added).

[25] *See id.* ("A motion to dismiss pursuant to Rule 12(b), FED. R. CIV. P., is not a pleading as defined in Rule 7").

[26] *Id.* In other words, JetBlue's briefing related to compulsory counterclaims is anticipatory and must necessarily assume—for purposes of this brief only—JetBlue's motion to dismiss will be denied.  Of course, JetBlue requests this Court grant its motion to dismiss.

With that caveat in mind, to the extent LCS argues JetBlue's New York Claims arise out of LCS's patent infringement claim, JetBlue's position LCS is bound by the forum-selection clause[27] is merely bolstered.  And as implicitly admitted by LCS,[28] this Court does not have personal jurisdiction over Roop, CTI, or CopyTele.[29]  Roop is a resident of California and both CTI and CopyTele are Delaware corporations with their principal place of business located in New York.[30]  The New York Claims necessarily require these three parties because all claims relate to Roop and his wrongful conduct as an officer of CopyTele, which is the parent company of CTI.[31]  The New York Claims, therefore, would not be compulsory counterclaims because this Court does not have personal jurisdiction over required parties to the claims.

It is clear by LCS's statement the New York Defendants do not "challenge the jurisdiction of this Court" it is aware of this fatal flaw.[32]  As an initial matter, LCS's counsel does not represent Roop, CTI, or CopyTele in this lawsuit and lacks the necessary capacity to bind Roop, CTI, or CopyTele and submit to personal jurisdiction in this Court.  This illusory attempt to consent to personal jurisdiction, however, should not be allowed.  The application of Rule 13 should not turn on a guess regarding whether third parties will consent to personal jurisdiction, particularly where one of those same third parties—Roop—contends he is not even subject to personal jurisdiction in New York where he is employed.  Further, LCS should not be allowed to "test the waters" in the New York Lawsuit by filing a motion dismiss, presenting argument at hearing, and then filing a motion in this Court asking for another bite at the apple by "not challenging" this forum's personal jurisdiction over Roop, CTI, and CopyTele in an attempt

---

[27] And, in turn JetBlue would not be required to assert its New York Claims as compulsory counterclaims. *See supra* Part I.A.
[28] *See* Dkt. #91 at 6, n.3 (". . . none of the NY Defendants challenge the jurisdiction of this Court.").
[29] Nor does this Court have personal jurisdiction over LCS.  Indeed, in the New York Lawsuit Roop asserted he is not subject to personal jurisdiction in New York—where he is employed.
[30] *See* Ex. A at 2.
[31] *See generally* Ex. A.
[32] *See* Dkt. #91 at 6, n.3.  Notably, this statement is not a straightforward "consent" to personal jurisdiction.

to force JetBlue to bring its claims in this District.  These actions do not further the policy behind

Rule 13 and should not be allowed.

### C. Even assuming JetBlue's New York Claims would be compulsory counterclaims, they would only be compulsory as to LCS—the "opposing party."

Assuming, *arguendo*, JetBlue's New York Claims would be compulsory counterclaims in

this suit, they would only be compulsory as to LCS—not Roop, CTI, or CopyTele.  Rule 13

unambiguously states "[a] pleading shall state as a counterclaim any claim . . . the pleader has

against any **opposing party**."[33]   The meaning of "opposing party" is clear—it is '"one who

asserts a claim against the prospective counterclaimant in the first instance,' *i.e.*, a named

plaintiff."[34]   Because the only "opposing party" in this suit is LCS, if JetBlue's New York

Claims would be compulsory at all, they would only be compulsory against LCS—not Roop,

CTI, or CopyTele.

In *HID Global Corp.*, for example, HID brought suit in the Central District of California

against LT seeking declaratory judgments certain patents LT accused HID of infringing were

invalid, unenforceable, or not infringed.[35]   LT then filed counterclaims against HID.[36]   In

response, HID filed a separate action in the Northern District of Ohio against Leighton—the

inventor of the patents-in-suit.[37]   Leighton moved to dismiss the second-filed Ohio suit

contending the claims HID brought against him should have been asserted in the first-filed

---

[33] FED. R. CIV. P. 13(a) (emphasis added).

[34] *GIA-GMI, LLC v. Michener*, No. C-06-7949-SBA, 2007 WL 1655614, at *4 (N.D. Cal. June 7, 2007) (quoting *Nancy's Prod., Inc. v. Fred Meyer, Inc.*, 811 P.2d 250 (Wash. Ct. App. 1991)); *see Noel v. Hall*, 341 F.3d 1148, 1170-71 (9th Cir. 2003) (holding the defendant to the counterclaim in the case before it was "not a plaintiff—and thus not an opposing party" in the underlying action and therefore the claims against him were not compulsory counterclaims).

[35] *HID Global Corp. v. Leighton*, No. 1:07-cv-1972, 2007 WL 3566705, at *2 (N.D. Ohio Nov. 15, 2007).

[36] *Id.*

[37] *Id.*

California suit as compulsory counterclaims.[38]  HID argued Leighton was not an "opposing party" in the first-filed California suit and thus the claims it brought against Leighton in the second-filed Ohio suit were not compulsory in the California action.[39]  The court agreed with HID and held Leighton was not an "opposing party" within the plain meaning of Rule 13.[40]  It therefore denied Leighton's motion to dismiss.[41]

Similarly, in *GIA-GMI*, the plaintiff brought claims against multiple defendants for fraud and related causes of action.[42]  A few months later, certain defendants filed a counterclaim naming the managing member, Blankenship, in his individual capacity.[43]  Blankenship moved to dismiss arguing he was not an "opposing party" as is required under Rule 13 both for compulsory and permissive counterclaims.[44]  The court agreed the "plain meaning of 'opposing party' is a ***party*** to the lawsuit—that is, a named party who asserted a claim against the counterclaimants"—and accordingly, granted Blankenship's motion to dismiss the counterclaim asserted against him.[45]

The plaintiff—and "opposing party"—in this suit is LCS.  If the Court determines JetBlue's New York Claims would be compulsory counterclaims in this action, and no exception to the application of Rule 13 would exist, the compulsory counterclaims would only be as to LCS—not Roop, CTI, and CopyTele.

---

[38] *Id.* at *3.
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *GIA-GMI, LLC*, No. 2007 WL 1655614, at *1.
[43] *Id.*
[44] *Id.* at *2; *see* FED. R. CIV. P. 13(a), (b).
[45] *Id.* at *4 (emphasis in original).

## II.   EVEN IF JETBLUE'S NEW YORK CLAIMS WOULD BE COMPULSORY COUNTERCLAIMS IN THIS ACTION, IT WOULD NOT BE APPROPRIATE TO ENJOIN JETBLUE FROM PROSECUTING THEM IN NEW YORK.

### A.   Assuming, *arguendo*, JetBlue's New York Claims would be compulsory counterclaims in this action, JetBlue's should not be enjoined from prosecuting them because LCS failed to meet its burden of establishing it is entitled to injunctive relief.

JetBlue incorporates by reference the arguments and authorities contained in Southwest Airlines and Hawaiian Airlines' Response to Motion for Preliminary Injunction [Dkt. #92]. Moreover, LCS has failed to articulate any threatened injury it will suffer in the absence of an injunction against JetBlue from prosecuting its New York Claims.  Any claim of irreparable harm resulting from the incremental challenge of also litigating the New York Lawsuit would be the consequence of LCS electing to sue JetBlue in the Eastern District of Texas—a forum which it bargained away by agreeing to the forum-selection clause.[46]  And even assuming irreparable harm exists, and LCS seeks to enjoin JetBlue from prosecuting its claims in the New York Lawsuit (which is unclear from LCS's Motion), LCS waited three months to file its Motion for Preliminary Injunction in this Court.[47]  This delay, combined with the fact LCS filed a response to JetBlue's motion for preliminary injunction and a separate motion to dismiss in the New York Lawsuit—neither of which addresses compulsory counterclaims—rather than seek injunctive relief from either forum until now, evidences a lack of irreparable harm.

### B.   Assuming, *arguendo*, JetBlue's New York Claims would be compulsory counterclaims in this action, this Court cannot enjoin JetBlue from prosecuting its New York Claims against non-parties to this suit.

As discussed in Part I, Section C above, even if this Court finds JetBlue's New York

---

[46] *See Gen. Protecht Group, Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1364 (Fed. Cir. 2011) (plaintiff in second-filed action entitled to litigate in that forum by virtue of forum-selection clause to which defendant agreed, and any irreparable harm suffered by defendant by litigating in first-filed forum and ITC would be the consequence of defendant's election to file in improper forums).

[47] JetBlue filed the New York Lawsuit on March 14, 2014.  LCS's Motion for Preliminary Injunction was filed on June 13, 2014.

Claims would be compulsory counterclaims in this action, they would only be compulsory counterclaims as to LCS—not Roop, CTI, or CopyTele.[48]  Given that, it logically follows the Court could only enjoin JetBlue from prosecuting its claims against LCS in the New York Lawsuit.  And JetBlue would be free to continue its case against the three non-parties to this suit—Roop, CTI, and CopyTele.  JetBlue has found no case law supporting a contrary view.

The policy underlying Rule 13 is to "prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matter."[49]  Even if this Court finds JetBlue's New York Claims would be compulsory counterclaims in this action, enjoining JetBlue from prosecuting those claims as to LCS would not further this policy.  Indeed, litigation would continue in two separate forums.

     C.     **Assuming, *arguendo*, JetBlue's New York Claims would be compulsory counterclaims in this action, it would be inappropriate for this Court to enjoin JetBlue from prosecuting its claims in the New York Lawsuit because LCS failed to meet and confer.**

Local Rule CV-7(h) requires, at a minimum, a personal conference between attorneys for the movant and non-movant on opposed motions.[50]  Local Rule CV-7(i) requires opposed motions not excepted under the Rule to include a "certificate of conference" stating counsel has complied with the meet and confer requirement of Local Rule CV-7(h).[51]  LCS's counsel did not comply with Local Rule CV-7(h) or (i).  Had LCS's counsel conferred, JetBlue would know whether or not LCS seeks to enjoin JetBlue from prosecuting its New York Lawsuit, or from filing claims in other forums.  For this reason alone, the Court should not enjoin JetBlue from prosecuting the New York Claims.[52]

---

[48] *See supra* Part I.C.
[49] *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977) (citing *S. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962).
[50] *See* Local Rule CV-7(h).
[51] *See* Local Rule CV-7(i).
[52] *See Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 3448148, at *2

Even further, neither LCS's Motion for Preliminary Injunction nor its Reply in Support of its Motion for Preliminary Injunction offers any argument, evidence, or authority this Court can and should enjoin JetBlue from pursuing its New York Lawsuit.[53]   Indeed, LCS fails to even argue JetBlue's New York Claims would be compulsory counterclaims, but merely states: "With respect to the remaining Defendants, any claims arising out of Loyalty Conversion's claims of patent infringement should be joined in this forum."[54]   LCS likewise fails to make this argument—or even mention compulsory counterclaims—in its motion to dismiss filed in the New York Lawsuit.  For these additional reasons, enjoining JetBlue from prosecuting the New York Lawsuit would be inappropriate.

## III.   JETBLUE'S NEW YORK CLAIMS RAISE A SIGNIFICANT FEDERAL ISSUE, WHICH CONFERS SUBJECT MATTER JURISDICTION IN THE NEW YORK LAWSUIT.

The Southern District of New York has subject matter jurisdiction over the claims in the New York Lawsuit because they raise a significant federal issue.  JetBlue's New York Claims relate to the New York Defendants' access to, dealings with, and use of JetBlue's websites.  Prior to filing this suit, the New York Defendants surreptitiously searched for evidence on JetBlue's secure website to evaluate whether to file a patent infringement lawsuit against JetBlue.[55]  The significant federal issue raised in JetBlue's complaint is further illustrated by the New York Defendants contention that JetBlue's New York Claims should be dismissed because Rule 11 imposes an obligation to "investigate an accused product before making a patent

---

(E.D. Tex. Oct. 22, 2009) (denying motion to compel for failure to comply with Local Rule CV-7(h) and (i)); *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1188 (E.D. Tex. 2011) (denying motion in limine for failure to comply with Local Rule CV-7(h) and (i)); *see also Stewart v. AT&T, Inc.*, No. SA-08-cv-0272, 2008 WL 4610226, at *1 (W.D. Tex. Oct. 15, 2008) (denying plaintiff's motion to compel for failure to comply with the Western District's Local Rule CV-7(h)).
[53] *See* Dkt. #91, #106.  Despite passing references to the New York Lawsuit in its Motion.
[54] Dkt. #91.
[55] *See* Ex. A.

infringement claim."[56]  JetBlue's New York Lawsuit therefore raises a significant federal issue, which gives rise to subject matter jurisdiction.

In *Grable*, the Supreme Court held claims created by state law can arise under federal law if the plaintiff's complaint raises "a significant federal issue."[57]  While the Court noted it had "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door," it made clear federal-question jurisdiction over state-law claims is proper when they "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law."[58]  The Court set forth the following test to determine if a "significant federal issue" exists:  (1) is a federal issue necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.[59]  Where all four requirements are met, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.[60]

JetBlue's New York Claims satisfy the *Grable* test.  To begin with, a federal issue is necessarily raised and actually disputed.  JetBlue alleges the New York Defendants are liable under state law for actions taken during the course of their pre-suit investigation of their patent infringement claims.[61]  The New York Defendants contend JetBlue's New York Lawsuit should be dismissed because Rule 11—as a matter of law—required them to take the actions giving rise

---

[56] *See* Ex. C, a true and correct copy of Motion to Dismiss or Stay of Defendants CopyTele Inc., John Roop, CTI Patent Acquisition Corporation and Loyalty Conversion Systems Corporation filed in the U.S. District Court for the Southern District of New York, Cause No. 1:14-cv-01782-GBD, and fully incorporated herein by reference.
[57] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[58] *Id.* at 313 (alterations in original).
[59] *Id.*
[60] *Id.* at 313-14.
[61] *See generally* Ex. A.

to JetBlue's New York Claims.[62]  The Rule 11 question is a federal issue, which was necessarily raised and actually disputed.

The Rule 11 issue is also substantial.   Whether a patent owner is excused from contractual and other obligations by Rule 11 presents "a nearly 'pure issue of law', one 'that could be settled once and for all and thereafter would govern numerous [patent infringement] cases.'"[63]  It is not fact specific.  Indeed, one need know virtually nothing regarding the claims asserted by JetBlue in the New York Lawsuit to resolve the legal issue of whether Rule 11 requires a patent owner to disregard contractual and other obligations during a pre-suit investigation.  Moreover, resolution of the federal issue has the potential to impact numerous future pre-suit patent infringement investigations under Rule 11.[64]  A decision on this issue is important to the federal system and continued uniform application of the patent laws.[65]

Lastly, resolution of this issue would not disrupt the federal-state balance approved by Congress because it involves a purely federal question.   Federal courts have exclusive jurisdiction over patent infringement claims.[66]  Rule 11 is a federal rule.  Resolving the scope of a Rule 11 investigation in a patent infringement suit would not disturb the federal-state balance.

In sum, JetBlue's New York Claims meet the *Grable* test, which confers subject matter jurisdiction in the New York Lawsuit pursuant to 28 U.S.C. § 1331 and 1338 (a).

---

[62] *See* Ex. C at 9.

[63] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (distinguishing *Grable* and thereby refusing to find subject matter jurisdiction existed over state law claim brought by Blue Cross Blue Shield against its insured seeking to recover money the insured had received in a tort case against a third party).  The claim in *Empire* was "fact-bound and situation-specific." *Id.* at 700-01.

[64] This also serves to distinguish *Forrester Envtl. Servs., Inc. v. Wheelabrator Technologies, Inc.*, 715 F.3d 1329, 1335 (Fed. Cir. 2013), where the plaintiff sought to establish subject matter jurisdiction on grounds claim construction of patent claims was required to resolve its state law claims.

[65] *Madstad Eng'g, Inc. v. U.S. Patent & Trademark Office*, Nos. 2013-1511, 2013-1512, 2014 WL 2938080, at *3-4 (Fed. Cir. July 1, 2014).

[66] 28 U.S.C. § 1338(a).

## CONCLUSION

JetBlue's New York Claims would not be compulsory counterclaims in this action, and it would not be appropriate for the Court to enjoin JetBlue from prosecuting those claims in the New York Lawsuit even if they were compulsory counterclaims in this suit.  The Southern District of New York has subject matter jurisdiction over JetBlue's New York Claims because they raise a significant federal issue.  LCS's Motion should be denied.


Dated: August 15, 2014                            Respectfully submitted,

                                                  **KLEMCHUK KUBASTA LLP**

                                                  */s/ Casey L. Griffith*_____
                                                  Casey L. Griffith
                                                  Texas Bar No. 24036687
                                                  Casey.Griffith@kk-llp.com

                                                  Austin S. Champion
                                                  Texas Bar No. 24065030
                                                  Austin.Champion@kk-llp.com

                                                  8150 North Central Expressway, 10th Floor
                                                  Dallas, Texas 75206
                                                  Telephone: (214) 367-6000
                                                  Facsimile: (214) 367-6001

                                                  **COUNSEL FOR DEFENDANT**
                                                  **JETBLUE AIRWAYS CORPORATION**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with LR 5.1(d).  As such, this document was served on all counsel who are deemed to have consented to electronic service.

                                                  */s/ Casey Griffith*_____
                                                  Casey Griffith