# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2:13-cv-00655-JRG |
| | ) ) | |
| AMERICAN AIRLINES, INC., | ) ) | |
| Defendant. | | |
| LOYALTY CONVERSION SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 2:13-cv-00659-JRG |
| v. | ) ) ) | |
| DELTA AIRLINES, INC., | ) ) | |
| Defendant. | | |
| LOYALTY CONVERSION SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 2:13-cv-00660-JRG |
| v. | ) ) ) | |
| FRONTIER AIRLINES, INC., | ) ) | |
| Defendant. | | |

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>        Defendant. | C.A. No. 2:13-cv-00661-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION, LLC,<br><br>        Plaintiff,<br>v.<br><br>JETBLUE AIRWAYS CORP.,<br><br>        Defendant. | C.A. No. 2:13-cv-00662-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>        Defendant. | C.A. No. 2:13-cv-00663-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>        Defendant. | C.A. No. 2:13-cv-00664-JRG |

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION, <br><br> Plaintiff, <br> v. <br><br> UNITED AIRLINES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 2:13-cv-00665-JRG |
| LOYALTY CONVERSION SYSTEMS CORPORATION, <br><br> Plaintiff, <br> v. <br><br> US AIRWAYS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 2:13-cv-00666-JRG |

## JOINT CLAIM CONSTRUCTION CHART UNDER P.R. 4-5(d)

Pursuant to Patent Local Rule 4-5(d), Plaintiff Loyalty Conversion Systems Corp. and Defendants American Airlines, Inc., Delta Airlines, Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corp., Southwest Airlines, Co., Spirit Airlines, Inc., United Airlines, Inc., and US Airways, Inc. provide the following Joint Claim Construction Chart, attached hereto as exhibit A.

Dated: August 19, 2014                    Respectfully submitted,

*/s/ Max Ciccarelli*
Max Ciccarelli
 State Bar No. 00787242
 Max.Ciccarelli@tklaw.com
Daniel Murray
 State Bar No. 24086422
 Daniel.Murray@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

*/s/ Colin O. Miwa*
Colin O. Miwa
 Hawaii Bar No. 0-2997
 cmiwa@cades.com
Martin E. Hsia
 Hawaii Bar No. 0-2954
 mhsia@cades.com

CADES SCHUTTE
A LIMITED LIABILITY LAW PARTNERSHIP LLP
1000 Bishop Street, Suite 1200
Honolulu, HI 96813
Telephone: (808) 521-9200
Facsimile: (808) 540-5011

Trey Yarbrough
 Bar No. 24012752
 trey@yw-lawfirm.com

YARBROUGH & WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Fax: (903) 595-0191

**Attorneys for Defendant
Hawaiian Airlines, Inc.**

*/s/ Jennifer Parker Ainsworth*

Jennifer Parker Ainsworth
 Texas Bar No. 00784720
 jainsworth@wilsonlawfirm.com

WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Stephen E. Baskin
 Virginia Bar No. 47567
 sbaskin@mayerbrown.com
Ann Marie Duffy *(pro hac vice)*
 aduffy@mayerbrown.com
Saqib J. Siddiqui *(pro hac vice)*
 ssiddiqui@mayerbrown.com

MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

**Attorneys for Defendants American Airlines, Inc.; Delta Airlines, Inc.; Frontier Airlines, Inc.; United Airlines, Inc.; and US Airways, Inc.**

*/s/ Thomas C. Wright*
Ross Cunningham (Co-Lead Counsel)
 Texas Bar No. 24007062
 rcunningham@rosewalker.com
Thomas C. Wright (Co-Lead Counsel)
 Texas Bar No. 24028146
 twright@rosewalker.com
Alex J. Whitman
 Texas Bar No. 24081210
 awhitman@rosewalker.com

ROSE·WALKER, L.L.P.
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Phone: 214.752.8600
Facsimile: 214.752.8700

**Attorneys for Defendant
Spirit Airlines, Inc.**

*/s/ Casey L. Griffith*
Casey L. Griffith
 Texas Bar No. 24036687
 Casey.Griffith@kk-llp.com
Austin S. Champion
 Texas Bar No. 24065030
 Austin.Champion@kk-llp.com

KLEMCHUK KUBASTA LLP
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**Counsel for Defendant
JetBlue Airways Corporation**

/s/ *Andrew Dinovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
Texas State Bar No. 24027750
Stefanie T. Scott
Texas State Bar No. 24061617
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627

**ATTORNEYS FOR PLAINTIFF
LOYALTY CONVERSION SYSTEMS
CORPORATION**

## Certificate of Service

I certify that the foregoing document was served electronically on all counsel of record on August 19, 2014.

                                          */s/ Max Ciccarelli*
                                          Max Ciccarelli

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

As detailed in the Parties' Joint Claim Construction and Prehearing Statement pursuant to P.R. 4-3, there are three groups of disputed terms. The disputed terms are: (1) "transfer(s) or conversion(s)" / "conversion or transfer"; (2) "the at least one of the one or more computers" / "the one or more non-transitory computer-readable mediums"; and (3) "to convert." The disputed terms and the agreed terms are set forth in the tables below.

| Claim Terms for Construction USP 8,313,023 | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| 31. A method comprising: | | | |
| a commerce partner agreeing to accept **transfers or conversions** of quantities of **non-negotiable credits** to entity independent funds in accordance with a credits-to-funds ratio, wherein the **non-negotiable credits** have been earned as part of a rewards program of an entity, wherein the commerce partner accepts the entity independent funds for goods or services that the commerce partner provides, wherein in absence of the **non-negotiable credits** being converted or transferred into the entity independent funds the commerce partner does not accept the **non-negotiable credits** for the goods or services that the commerce partner provides, wherein the entity-independent funds are loyalty points of a loyalty program of the commerce partner; | **transfers or conversions:** Plain and ordinary meaning<br><br>**non-negotiable credits:** [AGREED] | **transfers or conversions:** "the approximately immediate transfer(s) or conversion(s) / approximately immediate conversion or transfer"<br><br>**non-negotiable credits:** [AGREED] | **non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

| Claim Terms for Construction USP 8,313,023 | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| at least one of one or more computers detecting a communication over a network to grant a consumer a quantity of the entity independent funds, wherein the quantity of entity independent funds results from a **conversion or transfer** of at least a subset of the **non-negotiable credits** into the quantity of entity independent funds in accordance with the credit-to-funds ratio, wherein the subset of the **non-negotiable credits** are expended as part of the **conversion or transfer**, and wherein the commerce partner is compensated for providing the entity independent funds to the consumer; | **non-negotiable credits:** [AGREED]<br><br>**conversion or transfer:** See "transfers or conversions" term, above | **non-negotiable credits:** [AGREED]<br><br>**conversion or transfer:** See "transfers or conversions" term, above | **non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |
| responsive to the communication, at least one of one or more computers granting the consumer the quantity of the entity independent funds; and | | | |

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

| Claim Terms for Construction USP 8,313,023 | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **the at least one of the one or more computers** accepting at least a portion of the quantity of entity independent funds in exchange for the goods or services that the commerce partner provides, wherein the one or more computers do not accept the **non-negotiable credits** of the entity's rewards program for the goods or services in absence of the **conversion or transfer**. | **the at least one of the one or more computers:** Plain and ordinary meaning<br><br>**non-negotiable credits:** [AGREED]<br><br>**conversion or transfer:** See "transfers or conversions" term, above | **the at least one of the one or more computers:** Indefinite<br><br>**non-negotiable credits:** [AGREED]<br><br>**conversion or transfer:** See "transfers or conversions" term, above | **non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

| Claim Terms for Construction USP 8,313,023 | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| 39. A computer program product comprising: | | | |
| one or more non-transitory computer-readable mediums; | | | |
| program instructions, stored on at least one of the one or more non-transitory computer-readable mediums, to detect a communication over a network to grant a consumer a quantity of entity independent funds, wherein the quantity of entity independent funds results from a **conversion or transfer** of at least a subset of **non-negotiable credits** into the quantity of entity independent funds in accordance with a credit-to-funds ratio, wherein the subset of the **non-negotiable credits** are expended as part of the **conversion or transfer** and wherein the commerce partner is compensated for providing the entity independent funds to the consumer, wherein the commerce partner agrees to accept transfers or conversions of quantities of the **non-negotiable credits** to entity independent funds in accordance with the credits-to-funds ratio, wherein the **non-negotiable credits** have been earned as part of a rewards program of the entity, wherein the commerce partner accepts the entity independent funds for goods or services that the commerce partner provides wherein in absence of the **non-negotiable credits** being converted or transferred into the entity independent funds the commerce partner does not accept the **non-negotiable credits** for the goods or services that the commerce partner provides, wherein the entity -independent funds are loyalty points of a loyalty program of the commerce partner; | **non-negotiable credits:** [AGREED]<br><br>**conversion or transfer / transfers or conversions:** See "transfers or conversions" term, above, Claim 31 | **non-negotiable credits:** [AGREED]<br><br>**conversion or transfer / transfers or conversions:** See "transfers or conversions" term, above, Claim 31 | **non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |
| one or more non-transitory computer-readable mediums; | | | |

Case 2:13-cv-00655-WCB   Document 119   Filed 08/20/14   Page 13 of 15 PageID #: 2125

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

| Claim Terms for Construction USP 8,313,023 | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| program instructions, stored on at least one of the one or more non-transitory computer-readable mediums, to, responsive to the communication, grant the consumer the quantity of the entity independent funds; and | | | |
| program instructions, stored on at least one of **the one or more non-transitory computer-readable mediums**, to accept at least a portion of the quantity of entity independent funds in exchange for the goods or services that the commerce partner provides, wherein, per the program instructions, the **non-negotiable credits** are not accepted for the goods or services in absence of the **conversion or transfer.** | **the one or more non-transitory computer-readable mediums:** Plain and ordinary meaning<br><br>**non-negotiable credits:** [AGREED]<br><br>**conversion or transfer:** See "transfers or conversions" term, above, Claim 31 | **the one or more non-transitory computer-readable mediums:** Indefinite<br><br>**non-negotiable credits:** [AGREED]<br><br>**conversion or transfer:** See "transfers or conversions" term, above, Claim 31 | **non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |

Joint Claim Construction Chart Under P.R. 4-5(d)                                                                                    Exhibit A – Page 5

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

| Claim Terms for Construction USP 8,511,550 | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| 1. A method comprising: | | | |
| **a computer** serving a set of one or more web pages for a loyalty program of an entity to one or more remotely located client machines, wherein the Web pages are able to be rendered within a client-side browser as a graphical user interface on the one or more client machines, wherein upon being rendered within the client-side browser said graphical user interface shows a quantity of non-negotiable credits, wherein said **non-negotiable credits** are loyalty points of the loyalty program possessed by a member, wherein upon being rendered within the client-side browser the graphical user interface comprises a conversion option **to convert** at least a subset of the shown **non-negotiable credits** into a quantity entity independent funds, wherein said entity independent funds are different loyalty points of a different loyalty program of a commerce partner, wherein said entity independent funds are possessed by the member, wherein an agreement exists between the entity and the commerce partner, wherein the agreement permits members **to convert** the **non-negotiable credits** to the entity independent funds in accordance with a fixed credits-to-funds conversion ratio, wherein the agreement specifies that the entity is to compensate the commerce partner in an agreed upon amount of cash or credit for conversions of **non-negotiable credits** to entity independent funds, wherein said agreed upon amount is a multiple of a quantity of converted **non-negotiable credits**, wherein the entity independent funds are redeemable per the different loyalty program for commerce partner goods or for commerce partner services, wherein the commerce partner is not said entity, wherein in absence of being converted the **non-negotiable credits** are not accepted as payment for commerce partner goods or for commerce partner services; | **a computer:** [AGREED]  **non-negotiable credits:** [AGREED]  **to convert:** Plain and ordinary meaning | **a computer:** [AGREED]  **non-negotiable credits:** [AGREED]  **to convert:** "to convert in an approximately immediate fashion" | **a computer:** "A computer" and "the computer" refer to the same element  **non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |

Exhibit A -- JOINT CLAIM CONSTRUCTION CHART
Loyalty Conversion Systems Corp. v. American Airlines, Inc., et al. (2:13-cv-00655)

| | | | |
|---|---|---|---|
| **the computer** responsive to receiving a message indicating a selection of the conversion option, processing the selection to effectuate changes in the served set of Web pages; and | **the computer:** [AGREED] | **the computer:** [AGREED] | **the computer:** See "a computer" / "the computer" term above |
| responsive to the processing, **the computer** serving one or more Web pages or Web page updates that include the effectuated changes to the one or more remotely located client machines, wherein upon being rendered within the client-side browser the graphical user interface is updated with the effectuated changes, wherein the updated graphical user interface shows a reduced quantity of **non-negotiable credits** possessed by the member in the loyalty program, said reduced quantity resulting at least in part from the subset of **non-negotiable credits** being converted into the quantity of entity independent funds in accordance with the fixed credits-to-funds conversion ratio. | **the computer:** [AGREED]<br><br>**non-negotiable credits:** [AGREED] | **the computer:** [AGREED]<br><br>**non-negotiable credits:** [AGREED] | **the computer:** See "a computer" / "the computer" term above<br><br>**non-negotiable credits:** "credits accepted by the issuing entity but not by the commerce partner" |