IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-cv-00655<br>(LEAD CASE) |
| LOYALTY CONVERSION SYSTEMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-cv-00662 |

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Subject to its reservation of rights as detailed below, Defendant JetBlue Airways Corporation ("JetBlue") files this Answer to Plaintiff's Original Complaint [Dkt. #1] (the "Complaint"), along with its Affirmative Defenses and Counterclaims.

**RESERVATION OF RIGHTS**

JetBlue files this Answer subject to and without waiving its rights and obligations contained in JetBlue's TrueBlue Terms and Conditions and Website Terms and Conditions as outlined in JetBlue's Original Complaint filed on March 14, 2014 in a lawsuit styled *JetBlue Airways Corporation v. CopyTele, Inc., John Roop, CTI Patent Acquisition Corporation, and*

*Loyalty Conversion Systems Corporation*, Case No. 14-CV-1782, pending in the United States District Court for the Southern District of New York.  By filing an Answer, Affirmative Defenses, and Counterclaims, JetBlue is not waiving any of its rights connected with those terms, including but not limited to the right to contend Plaintiff's filing of this action in this Court is a violation of those terms.

## I. NATURE OF THE ACTION

1. JetBlue denies the allegations contained in Paragraph 1 of the Complaint.

2. JetBlue admits U.S. Patent No. 8,313,023 ("the '023 Patent") was issued on November 20, 2012.  JetBlue admits the '023 Patent is entitled "Exchange of Non-negotiable Credits of an Entity's Rewards Program for Entity Independent Funds."  JetBlue admits the Complaint purports to attach a copy of the '023 Patent.  JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and, therefore, JetBlue denies those allegations.

3. JetBlue admits U.S. Patent No. 8,511,550 ("the '550 Patent") was issued on August 20, 2013.  JetBlue denies the '550 Patent is entitled "Exchange of Non-negotiable Credits of an Entity's Reward Program for Entity Independent Funds."  JetBlue admits the Complaint purports to attach a copy of the '550 Patent. JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, JetBlue denies those allegations.

4. JetBlue denies the allegations contained in Paragraph 4 of the Complaint.

## II. PARTIES

5. JetBlue denies Plaintiff is a limited liability company organized and existing under the laws of the State of Texas.  JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint

and, therefore, JetBlue denies those allegations.

6. JetBlue admits it is a Delaware corporation with its principal place of business located at 27-01 Queens Plaza N., Long Island City, NY 11101. JetBlue also admits it has appointed National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234 as its agent for service of process. JetBlue admits it does business within the State of Texas and this District.

### III. JURISDICTION AND VENUE

7. JetBlue admits this Court has subject matter jurisdiction over this dispute. JetBlue denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. JetBlue admits this Court has personal jurisdiction over it. JetBlue denies venue is proper in this Court.

### IV. THE '023 PATENT AND '050 [sic] PATENT

9. JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, JetBlue denies those allegations.

10. JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, JetBlue denies those allegations.

### VI. [sic] JETBLUE'S ACTS

11. JetBlue denies the allegations contained in Paragraph 11 of the Complaint.

12. JetBlue denies the allegations contained in Paragraph 12 of the Complaint.

13. JetBlue denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT ONE

### PATENT INFRINGEMENT—U.S. PATENT NO. 8,313,023

14. JetBlue incorporates herein by reference its Answers to Paragraphs 1-13 of Plaintiff's Complaint.

15. JetBlue denies the allegations contained in Paragraph 15 of the Complaint.

16. JetBlue denies the allegations contained in Paragraph 16 of the Complaint.

17. JetBlue denies the allegations contained in Paragraph 17 of the Complaint.

18. JetBlue denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT TWO

### PATENT INFRINGEMENT—U.S. PATENT NO. 8,511,550

19. JetBlue incorporates herein by reference its Answers to Paragraphs 1-18 of Plaintiff's Complaint.

20. JetBlue denies the allegations contained in Paragraph 20 of the Complaint.

21. JetBlue denies the allegations contained in Paragraph 21 of the Complaint.

22. JetBlue denies the allegations contained in Paragraph 22 of the Complaint.

23. JetBlue denies the allegations contained in Paragraph 23 of the Complaint.

### VII. JURY DEMAND

24. JetBlue demands a trial by jury on all issues so triable.

### VIII. REQUEST FOR RELIEF

JetBlue incorporates herein by reference its Answers to Paragraphs 1 through 24 of Plaintiff's Complaint and denies Plaintiff is entitled to any form of relief, including the relief sought in Plaintiff's request for relief.

### FIRST AFFIRMATIVE DEFENSE

1. The claims of the '023 Patent or the '550 Patent (collectively referred to herein as

"the patents-in-suit") are invalid and unenforceable for failing to satisfy the provisions set forth in Part II of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, 112, 120, and/or 132.  Indeed, this Court has already ruled the patents-in-suit are invalid. *See* this Court's September 3, 2014, Memorandum Opinion and Order [Dkt. #129] in Case No. 2:13-CV-655.

### SECOND AFFIRMATIVE DEFENSE

2. JetBlue has not and does not infringe, either literally or under the doctrine of equivalents, any claim of the patents-in-suit.

### THIRD AFFIRMATIVE DEFENSE

3. JetBlue has not and does not contribute to or induce infringement by others of any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is estopped from construing any valid claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any method or system manufactured, used, imported, sold, or offered for sale by JetBlue because of admissions and statements made to the United States Patent and Trademark Office or because of amendments made to the claims of the patents-in-suit or related patents during the prosecution of the applications leading to the issuance of the patents-in-suit or related patents.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the patents-in-suit by application of the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**                                           Page 5

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8. The patents-in-suit are unenforceable because Plaintiff has unclean hands and/or has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid, unenforceable, and/or not infringed by methods or systems manufactured, used, imported, sold, or offered for sale by JetBlue.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is estopped from asserting a construction of any claim of the patents-in-suit in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred in whole or in part, under the doctrines of license and/or exhaustion to the extent any of Plaintiff's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatuses, and/or products that were manufactured by or for, provided to JetBlue by, or provided by JetBlue to a licensee of Plaintiff or its predecessors-in-interest or another person or entity under a covenant not to sue.

### COUNTERCLAIMS

For its Counterclaims against Loyalty Conversion Systems Corporation ("Counterclaim-Defendant"), Counterclaim-Plaintiff JetBlue alleges as follows:

### JURISDICTION

1. This is an action for Declaratory Relief for which this Court has subject matter

jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367(a), and 2201.

2. This Court has personal jurisdiction over Counterclaim-Defendant. Counterclaim-Defendant has consented to the personal jurisdiction of this Court by bringing this action.

3. Venue for JetBlue's Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Counterclaim-Defendant has also consented to venue in this Court by bringing this action.

## PARTIES

4. JetBlue Airways Corporation ("JetBlue") is a Delaware corporation with its principal place of business in Long Island City, New York.

5. Upon information and belief, Loyalty Conversion Systems is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 900 Walt Whitman Drive, Melville, NY 11747.

6. By its Complaint, Counterclaim-Defendant purports to be the inventor and owner of United States Patent Nos. 8,313,023 ("the '023 patent") and 8,511,550 ("the '550 patent") (collectively, "the patents-in-suit"), and to assert claims against JetBlue for infringement of the patents-in-suit.

## BACKGROUND

7. Counterclaim-Defendant sued JetBlue for alleged infringement of the patents-in-suit in this Court on August 20, 2013.

8. JetBlue has denied Counterclaim-Defendant's claims of infringement and contends the patents-in-suit are invalid and unenforceable under Title 35 of the United States Code.

9. An actual controversy has arisen and now exists between JetBlue and

Counterclaim-Defendant as to the non-infringement, invalidity, and unenforceability of the patents-in-suit.

### COUNT 1: DECLARATION OF PATENT INVALIDITY

10. JetBlue restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-9.

11. The claims of the patents-in-suit are invalid for failure to satisfy the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 120 and/or 132. Indeed, this Court has already ruled the patents-in-suit are invalid. *See* this Court's September 3, 2014, Memorandum Opinion and Order [Dkt. #129] in Case No. 2:13-CV-655.

12. JetBlue seeks a declaration the patents-in-suit are invalid and/or unenforceable.

### COUNT 2: DECLARATION OF NON-INFRINGEMENT

13. JetBlue restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-12.

14. Counterclaim-Defendant in this action has asserted that JetBlue is infringing the patents-in-suit through:

   a. provision, making, use, sale, offering for sale, and/or distribution of infringing systems, including computerized systems whereby users manage and redeem loyalty rewards for JetBlue's loyalty rewards program, TrueBlue.

   b. entering into agreements with partners such as Marriott, and providing for the conversion of Marriott Rewards points to TrueBlue miles.

   c. provision of related support services and instructions for the operation of such systems to its customers.

Counterclaim-Defendant has further asserted that JetBlue is contributing to and inducing the infringement of the patents-in-suit.

15. No product made, used, offered for sale, sold, or imported by JetBlue infringes any claim of the patents-in-suit.

16. JetBlue seeks a declaration it has not directly infringed and does not directly infringe, has not induced and does not induce infringement of, and has not contributed to and does not contribute to infringement of, the patents-in-suit, either literally or under the doctrine of equivalents.

## DEMAND FOR JURY TRIAL

17. Counterclaim-Plaintiff JetBlue demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Accordingly, having fully answered and counterclaimed, JetBlue prays for judgment as follows:

a. That this Court fully and finally dismiss Plaintiff's claims against JetBlue and order that Plaintiff take nothing from JetBlue;

b. That this Court find and declare the patents-in-suit are invalid and/or unenforceable pursuant to Title 35 of the United States Code;

c. That this Court find and declare JetBlue has not infringed, induced infringement of, or contributed to the infringement of, in any manner, any claim of the patents-in-suit;

d. That this Court award JetBlue all of its costs of this action;

e. That this Court find this is an exceptional case and award JetBlue its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

f. That this Court grant JetBlue such other and further relief as the Court shall deem just and proper.

Dated: September 9, 2014

Respectfully submitted,

**KLEMCHUK KUBASTA LLP**

*/s/ Casey L. Griffith*
Casey L. Griffith
Texas Bar No. 24036687
Casey.Griffith@kk-llp.com

Austin S. Champion
Texas Bar No. 24065030
Austin.Champion@kk-llp.com

8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**COUNSEL FOR DEFENDANT
JETBLUE AIRWAYS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with LR 5.1(d). As such, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Casey L. Griffith*
Casey L. Griffith